United States Court of Appeals,

Fifth Circuit.

No. 95-60332.

Tony B. JOBE, Assignee of Air New Orleans, Inc., Plaintiff-Appellant,

v.

ATR MARKETING, INC.;  Avions De Transport Regional, (G.I.E.);  Aerospatiale, S.N.I.;  Finmeccanica S.p.A., Individually and d/b/a Alenia (a division of Finmeccanica) a/k/a Aeritalia S.p.A. and the successor in the Interest of Aeritalia;  Aerospatiale, Inc.;  Defendants A-M, Defendants-Appellees.

July 11, 1996.

Appeal from the United States District Court for the Southern District of Mississippi.

Before JOLLY, DUHÉ and STEWART, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

The question before us on appeal is whether the district court erred in dismissing this diversity case for lack of personal jurisdiction under Mississippi's long-arm statute.  Finding no error, we affirm.

I

Tony B. Jobe, former president and assignee in bankruptcy of Air New Orleans, Inc. ("ANO"), a now defunct commuter airline, brought this breach of contract and tort action in the United States District Court for the Southern District of Mississippi on behalf of ANO's bankrupt estate.  Jobe sued a group of ANO's former business collaborators, all of whom are nonresidents of the state of Mississippi.  The defendant group includes:  ATR Marketing, Inc. ("ATR"), a District of Columbia corporation;  Aerospatiale, S.N.I.,

1

a French corporation; Aerospatiale, Inc., a New York corporation; Finmeccanica, S.p.A., an Italian corporation; and Avions de Transport Regional (G.I.E.), a group organized under the laws of France. Jobe, a Louisiana resident, alleges in his amended complaint that the defendants intentionally negotiated in bad faith to sell six commuter airplanes to ANO. Instead of consummating the sale with ANO, Jobe contends that the defendants breached their agreement with ANO and sold a fleet of approximately fifty aircraft to Continental Airlines. In addition, Jobe alleges that ANO relied to its detriment on the defendants' false representations, that the defendants disclosed confidential information to Continental Airlines, and that the defendants' tortious conduct led to ANO's financial demise. In January 1988, ANO filed for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Louisiana. Months after filing its bankruptcy petition, ANO began renting operations and maintenance facilities at the Gulfport, Mississippi airport in May 1988. According to Jobe's sworn affidavit, all of ANO's postpetition operations, including its business in Mississippi, ceased by June 1988. ANO's estate is currently involved in Chapter 7 bankruptcy proceedings.

After Jobe filed this action in Mississippi, the district court ordered that discovery should be limited to the jurisdictional issue and subsequently dismissed Jobe's complaint for lack of personal jurisdiction. The district court found that Jobe was not a Mississippi resident, that the alleged torts did not take place in whole or in part in Mississippi and that no part of

Mississippi's long-arm statute[1] could be construed to confer jurisdiction over the nonresident defendants.

On appeal, Jobe relies solely on the "tort-prong" of Mississippi's long-arm statute to support his contention that personal jurisdiction over these defendants is proper. The statute's tort-prong provides for personal jurisdiction over any nonresident who commits a tort in whole or in part within the state of Mississippi against a resident or nonresident of the state. Miss.Code Ann. § 13-3-57 (Supp.1995).

## II

We review *de novo* a dismissal for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). *Kevlin Servs., Inc. v. Lexington State Bank,* 46 F.3d 13, 14 (5th Cir.1995). When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir.1994). In determining whether

---

[1]Mississippi's long-arm statute provides in relevant part:

> Any nonresident ... corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss.Code Ann. § 13-3-57 (Supp.1995).

3

personal jurisdiction exists, the trial court is not restricted to a review of the plaintiff's pleadings. It may, as the district court did in this case, determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery. *Colwell Realty Investments v. Triple T. Inns of Arizona,* 785 F.2d 1330 (5th Cir.1986).

In a federal diversity suit, the reach of federal jurisdiction over nonresident defendants is measured by a two-step inquiry. *Smith v. DeWalt Products Corp.,* 743 F.2d 277, 278 (1984). First, the law of the forum state must provide for the assertion of such jurisdiction; and, second, the exercise of jurisdiction under state law must comport with the dictates of the Fourteenth Amendment Due Process Clause. *Id.* However, if Mississippi law does not provide for the assertion of personal jurisdiction over the defendants, it follows that we need not consider the due process issue. *Id.; Cycles, Ltd. v. W.J. Digby, Inc.,* 889 F.2d 612, 616 (5th Cir.1989).

In construing the tort-prong of Mississippi's long-arm statute, the Mississippi Supreme Court has held that personal jurisdiction over a defendant who allegedly committed a tort is proper if any of the elements of the tort—or any part of an element—takes place in Mississippi. *Smith v. Temco, Inc.,* 252 So.2d 212 (Miss.1971). Although the specific elements of a particular tort will vary, the conventional tort elements in a negligence action are duty, breach of duty, proximate causation and

injury.[2] *Palmer v. Anderson Infirmary Benevolent Ass'n.,* 656 So.2d 790, 794 (Miss.1995).  A tort is complete when, and personal jurisdiction lies where, the actual injury occurs. *Smith v. Temco,* 252 So.2d at 216;  *see also Rittenhouse v. Mabry,* 832 F.2d 1380, 1384 (5th Cir.1987).  In determining where the injury occurred for jurisdictional purposes, actual injury must be distinguished from its resultant consequences, such as pain and suffering, economic effects or other collateral consequences that often stem from the actual injury.  Recognizing that such collateral consequences may be far-reaching (particularly in a commercial tort situation such as the one before us), our precedent holds that consequences stemming from the actual tort injury do not confer personal jurisdiction at the site or sites where such consequences happen to occur.[3]  *Cycles,* 889 F.2d at 619 (tort of conversion did not take

_____

[2]The term "injury" commonly denotes the invasion of any legally protected interest of another.  RESTATEMENT (SECOND) OF TORTS, § 7 (1965).  In contrast, the term "damage" is understood to mean the harm, detriment or loss sustained by reason of an injury.  BLACK'S LAW DICTIONARY 351 (5TH ED.1979).

[3]Courts in jurisdictions with long-arm statutes comparable to that of Mississippi have reached the same result.  For example, the United States District Court for the Southern District of New York held that the financial consequences of a conversion are not sufficient to invoke jurisdiction under New York's long-arm statute. *Chemical Bank v. World Hockey Assoc.,* 403 F.Supp. 1374, 1380 (S.D.N.Y.1975).  In analyzing the site of the injury, the court in *Chemical Bank* noted that "in a commercial tort situation the place of the injury will usually be deemed to be the place where the critical events associated with the dispute took place." *Id.* (internal quotations and citations omitted).  The court concluded that the critical events in that case were the crucial dealings and negotiations among the parties (which took place outside of New York).  The mere fact that the plaintiff was located in New York and experienced financial consequences there did not suffice for long-arm jurisdiction. *Id.;  see also Wenz v. Crystal,* 55 F.3d 1503, 1508 (10th

5

place in whole or in part in Mississippi, even though the plaintiff may have suffered economic consequences in Mississippi); *Rittenhouse,* 832 F.2d at 1384 (plaintiff's continuing pain and discomfort suffered in Mississippi following her return to the state did not qualify as a tortious occurrence in Mississippi); *Estate of Portnoy v. Cessna Aircraft Co.,* 730 F.2d 286, 290 (5th Cir.1984) (in construing Mississippi's long-arm statute, court held that a tort occurs when and where the actual injury or accident takes place, but does not occur at the site of the economic consequences of that injury); *see also Prejean v. Sonatrach, Inc.,* 652 F.2d 1260, 1270 (5th Cir.1981).

### III

Focusing on the site of ANO's alleged injuries and damages,[4] Jobe argues that the nonresident defendants in this case are subject to long-arm jurisdiction because they committed torts, at least in part, within the state of Mississippi. Jobe claims that the defendants were responsible for the following tortious conduct, which resulted in damages being suffered in Mississippi: detrimental reliance, disclosure of confidential information in breach of an agreement, breach of the covenant of good faith and

---

Cir.1995) (in tort action for wrongful disbursal of funds from a London account, injury occurred in London; economic consequences that plaintiff suffered in Colorado were insufficient to establish personal jurisdiction under the Colorado long-arm statute).

[4]In urging us to find the commission of tortious acts in Mississippi, Jobe appears to confuse the arguably distinct concepts of actual injury and damage sustained by reason of an injury. *See supra* note 2.

fair dealing, breach of fiduciary duty, tortious interference with business relations or prospective business relations, unfair competition, gross negligence, breach of contract and conspiracy to defraud. Because ANO lost business, revenues, goodwill and the ability to grow and prosper within Mississippi, Jobe maintains that ANO was injured in Mississippi, thereby subjecting the defendants to the jurisdiction of the district court. Additionally, Jobe argues that the injury element occurred in the state because Mississippi travelers were denied the benefits of ANO's flights, and because a large number of ANO's employees, who were residents of Mississippi, lost their jobs.

Based on our review of the record and the briefs, and our consideration of the presentations at oral argument, it is clear to us that the "injuries" alleged to have occurred in Mississippi are nothing more than the economic consequences and other miscellaneous fallout that can be expected to trail in the wake of a failed airline or other business. Jobe concedes in his brief that no personal jurisdiction exists if the injury alleged is only a collateral consequence of extra-state activity. This, however, is precisely the factual situation reflected in the record before us. Jobe's pleadings and the statements made in his sworn affidavit establish that the actual injury (if any) suffered by ANO was an aborted business deal. This injury occurred and was completed outside of Mississippi in 1987 when defendant ATR sold a fleet of approximately fifty-five aircraft to Continental with the alleged intent of breaching its agreement for the sale of six aircraft to

7

ANO. Based on Jobe's pleadings, an actual injury also may have occurred when and where the defendants misappropriated ANO's confidential business plan and disclosed that information to ANO's competitors. Jobe does not claim, and no evidence in the record indicates, that any of these critical events took place in Mississippi. Indeed, the record evidence is to the contrary: ANO's principal place of business when the defendants conducted their alleged tortious activities was Metairie, Louisiana; the alleged tortious conduct culminated in ANO's financial ruin and bankruptcy filing in the Eastern District of Louisiana in January 1988; ANO's actual injuries and many of the economic consequences resulting from those injuries (including its bankruptcy filing) occurred well-before ANO attempted to shift its operations from Louisiana to Gulfport, Mississippi in May 1988. Accepting ANO's pleadings and allegations as true, it is nonetheless clear on this record that ANO's actual injuries occurred and were completed outside of Mississippi.

We therefore hold that the Mississippi injuries alleged by Jobe are only collateral consequences of ANO's actual injuries. Having failed to show that the defendants committed a tort in whole or in part within the state of Mississippi, it follows that there is no personal jurisdiction pursuant to Mississippi's long-arm statute over the defendants to this lawsuit. *E.g., Cycles,* 889 F.2d at 619. The district court's dismissal is

AFFIRMED.

8