**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-30423
Summary Calendar

MID CITY BOWLING LANES & SPORTS
PALACE, INC., a Louisiana Corporation,

Plaintiff-Appellant,

versus

IVERCREST, INC., doing business as Diversey
River Bowl, an Illinois Corporation,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-2058-C)

January 21, 2000

Before POLITZ, JONES, and WIENER, Circuit Judges.

POLITZ, Circuit Judge:[*]

Mid-City Bowling Lanes & Sports Palace, Inc., a Louisiana corporation,

appeals the dismissal of its action against Ivercrest, Inc., an Illinois corporation, for

lack of personal jurisdiction. Mid-City also appeals the denial of its Fed.R.Civ.P.

59(e) motion to alter or amend judgment. We affirm.

Background

Mid-City operates a bowling alley in New Orleans. In 1989 it began using

the phrase "Rock 'N' Bowl" to advertise its live musical entertainment. In 1996

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it obtained all rights to the trademark "Rock 'N' Bowl." Ivercrest is an Illinois corporation operating the Diversey River Bowl in Chicago. Beginning in September 1988 Ivercrest used the phrase "rock-n-bowl" in its advertising, and in February 1988 it began operating an internet website named "rocknbowl.com." When Mid-City became aware of Diversey's website, it demanded that Ivercrest cease and desist using the phrase "Rock 'N' Bowl" because of its federal trademark registration. On May 21, 1998, Ivercrest responded by letter advising that it would stop all usage of the mark. As of September 19, 1998, all pages with the name "rocknbowl.com" had been removed from the internet.

Mid-City sued Ivercrest in the Eastern District of Louisiana alleging various claims under federal and Louisiana state law, including trademark infringement and unfair trade practices. Ivercrest moved to dismiss the complaint under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction, contending that its maintenance of Diversey's website, without more, did not satisfy the requisite "minimum contacts" with Louisiana necessary to support the exercise of personal jurisdiction over it. The district court agreed and dismissed Mid-City's complaint without prejudice. Mid-City unsuccessfully moved under Fed.R.Civ.P. 59(e) to alter or amend judgment. This appeal followed.

<u>Analysis</u>

We review *de novo* the dismissal for lack of personal jurisdiction when the facts are undisputed.[1] When the briefs in this appeal were filed the parties did not

---

[1] **Jobe v. ATR Marketing, Inc.**, 87 F.3d 751 (5th Cir. 1996) (citing **Kevlin Servs., Inc. v. Lexington State Bank**, 46 F.3d 13 (5th Cir. 1995)).

have the benefit of our decision in **Mink v. AAAA Development, LLC**.[2] In **Mink** we held that the maintenance of a passive website could not support the exercise of personal jurisdiction over a non-resident defendant absent additional contacts with the forum state. A "passive" website is defined as one that "does nothing more than advertise on the Internet."[3] Ivercrest's website advertised the various services that Diversey provides and listed its local telephone number and address. Internet users had access to the website's pages but could not directly communicate with Diversey through the site. Consequently, Ivercrest's maintenance of this website alone is insufficient to support personal jurisdiction over it in Louisiana's courts, state or federal.

Although **Mink** was a general jurisdiction case, the determination whether the defendant purposefully availed itself of the benefits and protections of the forum state is the same.[4] We find that Mid-City's general, unsubstantiated allegation that it suffered injury in Louisiana based on Ivercrest's use of Mid-City's trademark in its Diversey River Bowl advertisement, targeted mainly at a Chicago audience, is likewise insufficient to support the exercise of specific jurisdiction.[5]

With respect to Mid-City's motion to alter or amend judgment under

---

[2] 190 F.3d 333 (5th Cir. 1999).

[3] **Id.** at 336 (citing **Zippo Mfg. Co. v. Zippo Dot Com, Inc.**, 952 F.Supp. 1119 (W.D.Pa. 1997)).

[4] **Mink**, 190 F.3d at 336; **Bullion v. Gillespie**, 895 F.2d 213 (5th Cir. 1990).

[5] **Felch v. Transportes Lar-Mex SA DE CV**, 92 F.3d 320 (5th Cir. 1996) (specific jurisdiction exists when plaintiff's injuries arise out of the non-resident defendant's contacts with the forum state).

3

Rule 59(e), we review the denial thereof for abuse of discretion.[6] Mid-City offered no reason for its failure to raise its additional legal contentions prior to entry of the judgment.[7] The district court did not abuse its discretion in denying the motion. Further, even if we were to consider the merits of the motion, Ivercrest's actions did not rise to the level of "purposeful availment" of the benefits and protections of Louisiana law.[8]

Finally, we reject Ivercrest's suggestion that we should impose sanctions on the grounds that this appeal is totally frivolous.[9]

The judgment appealed is AFFIRMED.

---

[6] **Midland West Corp. v. Federal Deposit Ins. Corp.**, 911 F.2d 1141 (5th Cir. 1990).

[7] **Simon v. United States**, 891 F.2d 1154 (5th Cir. 1990).

[8] **Bullion**, 895 F.2d at 216 (5th Cir. 1990).

[9] Fed.R.App.P. 38.