MYERS, J.,
for the court.
¶ 1. BankPlus filed suit against Toyota of New Orleans (Toyota) in Pearl River County Circuit Court. From the dismissal of the action, BankPlus appeals asserting the lower court erred in finding it lacked personal jurisdiction over Toyota.
STATEMENT OF FACTS
¶2. Karen Jarrell, a resident of Pearl River County, owned a 1999 Toyota Camry with financing provided by BankPlus. The Camry was involved in an automobile accident. Jarrell was to receive insurance proceeds of $6,400 for the damage to the Camry.
¶ 3. Jarrell decided that instead of repairing her Camry, she would buy a new car. She located a 2000 Toyota Avalon for sale at Toyota. She and the dealership came to an agreement. The agreement, according to Toyota, was that Jarrell would trade in the damaged Camry and insurance proceeds and arrange financing to cover the difference. Toyota would use the insurance proceeds to repair the Camry for resale. Jarrell later claimed that the agreement did not include the insurance proceeds.
¶ 4. Jarrell contacted BankPlus, a Mississippi banking corporation, about financing the purchase of the Avalon. BankPlus contacted Toyota about the arrangement. BankPlus and Toyota had numerous conversations concerning the arrangement. BankPlus agreed to release the title of the Camry to Toyota and finance the difference on the Avalon. Toyota was to forward title of the Avalon to BankPlus.
¶ 5. BankPlus released the lien on the title and mailed it and a cashier’s check in the amount of $16,995 to Toyota. Included with the title and check was a letter from Kenneth Hall, the president of the Bank-Plus branch. It read:
Enclosed with this letter you will find: 1 our cashier’s check # 042116 in the amount of $16,995.00 and 2 — original title to Ms. Jarrell’s 1999 Toyota Camry, VIN2T1CF22P7XC111291 on which we have released our lien. We understand she is trading the 1999 Toyota on her purchase from you of one 2000 Toyota Avalon VIN4T1BF28B5YU102161. If all is in order, please return to my attention the title to the 2000 Toyota.
¶ 6. Toyota negotiated the check but never forwarded the title to the Avalon because Jarrell never sent Toyota the insurance proceeds. Toyota paid a reduced fee for a tow truck company to tow the Camry from Mississippi to its dealership. Toyota repaired and sold the Camry.
¶ 7. Toyota is not a Mississippi business, nor is it qualified to do business in Mississippi. Toyota has radio advertisements that reach across state lines and into Pearl River County. Toyota also makes several monthly sales to Mississippi residents. The purchase agreement between Toyota and Jarrell was that Jarrell was to handle the Mississippi taxes and registration.
LEGAL ANALYSIS
¶ 8. This Court employs a de novo review of jurisdictional questions. McDaniel v. Ritter, 556 So.2d 303, 308 (Miss.1989).
¶ 9. The exercise of in personam jurisdiction of a nonresident defendant may be accomplished pursuant to the Mississippi long-arm statute. Miss.Code. Ann. § 13-3-57 (Rev.2002). The Due Process Clause of the Fourteenth Amend *443 ment, however, serves as a limitation on the power of a state’s long-arm statute in the exercise of in personam jurisdiction of a nonresident. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413-14, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).
¶ 10. Simply, there are two components of the standard. First, the state’s long-arm statute, as interpreted by the state courts, must apply. Second, its application in the particular case must comport with federal due process requirements. Brown v. Flowers Industries, Inc., 688 F.2d 328, 331-32 (5th Cir.1982). Thus, the standard, in referring to the power of state courts, incorporates elements of both state and federal law. DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1264-65 (5th Cir.1983).

Long-Arm Statute

¶ 11. The threshold condition for application of the long-arm statute is the requirement that the nonresident corporation, over which personal jurisdiction is sought, is not a corporation qualified to do business in this state. Once that condition is satisfied, the statute may be properly utilized in three situations: (1) where the nonresident made a contract with a resident of this state to be performed in whole or in part in this state; (2) where the nonresident committed a tort in whole or in part in this state against a resident or nonresident of this state; or (3) where the nonresident did business or performed any character of work or service in this state. Miss.Code. Ann. § 13-3-57 (Rev.2002).
¶ 12. Since Toyota is not a resident Mississippi corporation, the first condition of the long-arm statute is met.
1.Contract
¶ 13. Although Toyota argues that the only contracts were between Jar-rell/BankPlus and Jarrell/Toyota, we hold that there was a contract between Bank-Plus and Toyota. The title to the Camry was to be released by BankPlus in exchange for the title to the Avalon. Toyota also argues that this arrangement was contingent upon Jarrell providing the insurance funds. Even if the agreement was contingent upon Toyota receiving the insurance proceeds, it is still a contract between BankPlus and Toyota. While we do not know the exact words that were spoken on the phone between BankPlus and Toyota, it is apparent that some agreement was reached resulting in BankPlus releasing the lien on the Camry and mailing the title and cashier’s check to Toyota.
2. Tort
¶ 14. BankPlus argues that Toyota committed the tort of conversion. Toyota argues that there was no conversion and even if there were, the conversion took place in Louisiana. A tort is considered to have been committed in part in Mississippi where the injury results in the state. Sorrells v. R. & R. Custom Coach Works, 636 So.2d 668, 672 (Miss.1994). It must be an actual injury, not economic collateral consequences. Jobe v. ATR Marketing, Inc., 87 F.3d 751, 753 (5th Cir.1996).
3. Doing Business
¶ 15. The test to determine whether a nonresident corporation is doing business in Mississippi, as contemplated by our long arm statute, is: (1) the nonresident corporation must purposefully do some act or consummate a transaction in Mississippi; (2) the cause of action must either arise from or be connected with the act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play and sub *444 stantial justice. Gross v. Chevrolet Country, Inc. 655 So.2d 873, 877 (Miss.1995).
¶ 16. While Toyota claims it does not do any business in Mississippi, it does advertise in a manner that reaches Pearl River County and does not hesitate to sell to Mississippi residents that come to New Orleans to purchase cars, many of whom hear the advertisements.
¶ 17. Toyota also agreed to accept BankPlus’s check for financing the Avalon for a Mississippi resident. Toyota entered into a transaction with BankPlus in Mississippi and the action arises from the transaction. As stated below, traditional notions of fair play and substantial justice are not offended.
¶ 18. Toyota paid a reduced fee for someone to tow the Camry from Mississippi to its dealership in Louisiana. This strengthens the argument that Toyota was doing business in the State of Mississippi. Due Process
¶ 19. A defendant must have minimum contacts with the forum state so that the maintenance of the suit does not offend “traditional notions of fair play and substantial justice.” Cappaert v. Walker, Bordelon, Hamlin, Theriot, and Hardy, 680 So.2d 831, 834 (Miss.1996), quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The defendant’s conduct relating to the forum state must have been sufficient to create a reasonable expectation that he could be brought into that state’s courts. Cappaert, 680 So.2d at 834-35, citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
1. Minimum Contacts
¶ 20. The concept of “minimum contacts” can be further divided into contacts that create specific personal jurisdiction and those that lead to general personal jurisdiction. Allred v. Moore & Peterson, 117 F.3d 278, 286 (5th Cir.1997). Jurisdiction is labeled “specific” when the nonresident defendant’s contacts with the forum state are directly related to the cause of action. “General jurisdiction” will exist even without this direct relationship to the cause of action, if the defendant’s contacts with the forum state are continuous and systematic. Helicopteros Nacionales, 466 U.S. at 413-16, 104 S.Ct. 1868. While it is possible that Toyota has continuous and systematic contacts with the State of Mississippi, it definitely has contacts directly related to the cause of action, thus specific jurisdiction is met.
2. Traditional Notions of Fair Play and Justice
¶ 21. If a nonresident defendant has sufficient minimum contacts with the forum, the “fairness” factor of the jurisdictional inquiry must be examined. Asahi Metal Indus. Co., Ltd. v. Superior Court of Calif., 480 U.S. 102, 105, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). The Supreme Court has stated that the “fairness” of requiring a nonresident to defend a suit in a distant forum is a function of several factors, including the burden upon the nonresident defendant, the interests of the forum state, the plaintiffs interest in securing relief, the interstate judicial system’s interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies. World-Wide Volkswagen Corp., 444 U.S. at 292, 100 S.Ct. 559. Since Jarrell and BankPlus are located in Pearl River County and New Orleans is not that far from the forum, it is efficient to have the trial in Pearl River County and does not place any unreasonable burden on Toyota.
*445 3. Reasonable Expectation
¶ 22. Toyota could reasonably have foreseen that by accepting the title to the Camry and negotiating BankPlus’s check without forwarding the title of the Avalon to BankPlus, it would be sued by BankPlus. It was also a reasonable expectation that BankPlus would sue in the county in which it is located and Jarrell is located.
CONCLUSION
¶ 23. The decision of the trial court to dismiss the lawsuit based upon lack of personal jurisdiction is reversed and remanded. The Pearl River County Circuit Court has personal jurisdiction over Toyota in the instant case.
¶ 24. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT IS REVERSED AND REMANDED. COSTS ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWlCK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ, CONCUR.