Janet WALKER and Misty
Walker Plaintiffs

v.

WORLD INSURANCE COMPANY and
Encompass Health Management
System Defendants

No. CIV.A. 3:02CV1861BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 2, 2003.

James Randal Wallace, Jr., Boyd &
Akin, PLLC, Clinton, MS, for Janet Walk-
er, Misty Walker, plaintiffs.

Steven D. Orlansky, Watkins & Eager,
Jackson, Ms, for World Insurance Co., de-
fendant.

Jon Randall Patterson, Scott William
Bates, Baker, Donelson, Bearman, Cald-
well & Berkowitz, PC, Jackson, MS, for
Encompass Health Management Systems,
defendant.

### OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the
Motion to Dismiss filed by Defendant En-

compass Health Management Systems (hereinafter "Encompass"). Having considered the Motion, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is well taken and should be granted.

## I. Factual History and Procedural Background[1]

Defendant World Insurance Company (hereinafter "World Insurance")[2], issued a policy of health insurance which named Plaintiffs[3] as insureds (hereinafter "the policy"). During January 2001, through January 2002, Plaintiffs allegedly incurred medical expenses. The expenses were submitted to World Insurance for payment. Pursuant to an agreement between Encompass[4] and World Insurance, Encompass prepared medical necessity and appropriateness of care determinations (hereinafter "determination(s)") regarding medical claims submitted by the insureds of World Insurance. In the subject case, Encompass provided a determination pertinent to at least one of Plaintiffs' medical claims. World Insurance ultimately denied the claim(s).

Aggrieved by denial of the claim(s) under the policy, Plaintiffs filed the subject suit with this Court on December 31, 2002. Count one, is for bad faith denial of insurance benefits and breach of contract. Count two is for intentional or grossly negligent infliction of emotional distress. On July 21, 2003, Encompass filed the subject Motion to Dismiss. The Motion to Dismiss is now ripe for consideration by the Court.

## II. Analysis

Encompass asserts that this Court lacks personal jurisdiction over it under the Mississippi long-arm statute, Miss.Code Ann. § 13–3–57. Additionally, Encompass argues that even if the long-arm statute subjects it to jurisdiction, due process would be violated by subjecting it to the jurisdiction of this Court.

Personal jurisdiction is determined under a two-part inquiry. The first inquiry is whether personal jurisdiction is conferred by Mississippi's long-arm statute. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 881 (5th Cir.1993); *cert. denied,* 510 U.S. 1195, 114 S.Ct. 1303, 127 L.Ed.2d 654, (1994). The second inquiry is whether personal jurisdiction under the long-arm statute comports with "due process." *Id.* at 883. The burden of establishing a prima facie case of personal jurisdiction is on the plaintiff. *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir.1989).

First considered is whether Encompass is subject to the jurisdiction of this Court under the Mississippi long-arm statute. Encompass argues that Plaintiffs, as non-residents of the State of Mississippi at the time the Complaint was filed, are barred from asserting the provisions of the Mississippi long-arm statute against it.

Plaintiffs argue that although they were not residents of Mississippi at the time the Complaint was filed, they were Mississippi residents at the time that the subject cause of action accrued; therefore, they should be deemed Mississippi resi-

---

1. The facts stated in this section of the Opinion are taken from several pleadings submitted by the parties. By including the facts herewith, the Court is not attesting to their accuracy or truthfulness.

2. World Insurance is a foreign corporation doing business in the state of Mississippi.

3. At the time the Complaint was filed, Plaintiffs were resident citizens of the State of Florida.

4. Encompass is incorporated under the laws of the State of Iowa, with its principal place of business in West Des Moines, Iowa. Accordingly, Encompass is a resident citizen of the State of Iowa.

dents for purposes of application of the Mississippi long-arm statute. Based on the Holding in *Golden v. Cox Furniture Mfg. Co., Inc.*, 683 F.2d 115 (5th Cir.1982), Plaintiffs argument is not well taken. In *Golden,* the United States Court of Appeals for the Fifth Circuit held that in applying the Mississippi long-arm statute, "residency is determined by the residency of the parties when the suit is filed, not when the action accrues." *Id.* at 117 (citation omitted). Therefore, Plaintiffs are considered residents of the State of Florida for purposes of this analysis.

■ The Court next considers the contention of Encompass that *no* provisions of the Mississippi long-arm statute are available for use by Plaintiffs in this case. The Mississippi long-arm statute provides in relevant part that:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or *who shall commit a tort in whole or in part in this state against a resident or nonresident of this state,* or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss.Code Ann. § 13–3–57 (emphasis added). In summary, the long-arm statute consists of three "prongs." First, a non-resident is subject to personal jurisdiction in Mississippi if the non-resident enters into a contract with a Mississippi resident that is to be at least partially performed in Mississippi. This is known as the "contract prong" of the long-arm statute. The third prong of the long-arm statute is the "doing business prong," under which a non-resident is subject to jurisdiction if it is conducting any type of business in Mississippi. Non-residents of Mississippi can avail themselves of the provisions of *neither* contract prong *nor* doing business prong of the long-arm statute. *Submersible Sys., Inc. v. Perforadora Cent.,* 249 F.3d 413, 418 (5th Cir.2001). Accordingly, as non-residents of Mississippi, Plaintiffs cannot utilize the contract or the doing business prongs of the long-arm statute to establish personal jurisdiction over Encompass.

The second prong of the Mississippi long-arm statute is the "tort prong." Based on the language emphasized above in the quote of the long-arm statute (§ 13–3–57 of the Mississippi Code), a non-resident plaintiff may rely on the tort prong to establish personal jurisdiction over a non-resident defendant. *See also, Submersible Sys., Inc.,* 249 F.3d at 418. Under the tort prong of the long-arm statute, a non-resident is subject to jurisdiction in Mississippi if the non-resident commits a tort in whole or in part in Mississippi, against a resident or a non-resident. Plaintiffs in this case may utilize the tort prong to attempt to establish personal jurisdiction over Encompass.

■ The torts alleged by Plaintiffs against Encompass are: (1) tortious breach of contract; and (2) intentional or negligent infliction of emotional distress. Plaintiffs produced no evidence, or even a credible argument to the effect that they were in a contractual relationship with Encompass. The Court therefore focuses on the emotional distress claim. Plaintiffs contend that Encompass either intentionally or negligently performed the determination on their insurance claim(s) in an erroneous manner, resulting in denial of the claim(s). Plaintiffs further contend that

they suffered emotional distress as a result of the wrongful activities of Encompass.

To determine whether Encompass is subject to jurisdiction under the long-arm statute in regard to Plaintiffs' emotional distress claim, the Court must analyze whether the alleged tort, or any portion of the tort, was committed in Mississippi. Encompass provided an affidavit stating that it has no offices in the State of Mississippi, it has no employees in the State of Mississippi, it has no direct business presence in the State of Mississippi and it is not authorized to do business in the State of Mississippi. Motion to Dismiss of Encompass, Exhibit "A," Affidavit of Kathy R. Fliehler, ¶¶ 5–7. Based on the evidence before the Court, Encompass received all of the information regarding Plaintiffs' claim(s) via mail at its home office in West Des Moines, Iowa, and that all decisions regarding the claim(s) were made there. Therefore, the act, or alleged "tort" which Plaintiffs contend caused them emotional distress occurred in Iowa, not Mississippi. Accordingly, Encompass is not subject to personal jurisdiction in Mississippi under the tort prong of the long-arm statute.

■ The pleadings are not completely clear on this issue, but Plaintiffs may be arguing that the tort prong is applicable because the emotional distress allegedly suffered by them occurred in Mississippi. If this is Plaintiffs contention, the argument is not well taken. In *Jobe v. ATR Marketing, Inc.,* 87 F.3d 751 (5th Cir. 1996), the court analyzed where a tort is "completed" for long-arm jurisdiction purposes.

A tort is complete when, and personal jurisdiction lies where, the actual *injury* occurs. In determining where the injury occurred for jurisdictional purposes, actual injury must be distinguished from its resultant *consequences*, such as pain and suffering, economic effects or other collateral consequences that often stem from the actual injury. Recognizing that such collateral consequences may be far-reaching (particularly in a commercial tort situation such as the one before us), our precedent holds that consequences stemming from the actual tort injury do not confer personal jurisdiction at the site or sites where such consequences happen to occur.

*Id.* at 753 (emphasis added) (citations omitted).

The actual *injury* or tort underlying Plaintiffs' emotional distress claim is the alleged wrongful preparation by Encompass of the determination regarding Plaintiffs' insurance claim(s). All activities of Encompass related to the preparation of the determination occurred in Iowa. The *consequence* stemming from the allegedly erroneous determination is the emotional distress allegedly suffered by Plaintiffs. As the *Jobe* court held, Plaintiffs may not rely on the location of the resulting *consequence* of the tort to establish personal jurisdiction. Because the *injury* itself occurred outside of Mississippi, the Court finds that Plaintiffs are barred from relying on the tort prong of the Mississippi long-arm stature to establish personal jurisdiction over Encompass.

### III. Conclusion

Based on the analysis presented above, the Court finds that Encompass is not subject to personal jurisdiction in Mississippi under the Mississippi long-arm statute. Because Encompass is not amenable to jurisdiction under the long-arm statute, the Court need not analyze whether it is subject to jurisdiction under a due process analysis.

IT IS THEREFORE ORDERED that the Motion to Dismiss of Defendant Encompass Health Management Systems [7–1] is hereby granted. Defendant Encompass Health Management Systems is here-

by dismissed from this case *without* prejudice.