United States Court of Appeals
Fifth Circuit

**F I L E D**

July 12, 2005

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 04-60908
Summary Calendar

Alice F. "Dit" Bryant; Charles Forman,

Plaintiffs-Appellants,

versus

Michael J. Salvi; Salvi, Salvi & Wifler, P.C.,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi
(No. 3:03-CV-268)

Before GARZA, DEMOSS, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:[*]

Alice F. "Dit" Bryant and Charles Forman brought suit against Michael Salvi and Salvi, Salvi

and Wifler, P.C. ("the firm"), alleging that the defendants negligently represented the deceased Mrs.

Bobbie McReynolds. The district court dismissed for lack of personal jurisdiction, and denied the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

plaintiffs' motion to reconsider based on newly discovered evidence. We affirm.

I.

In December 1998, Bobbie McReynolds retained attorney Michael Salvi to prepare McReynolds's will. Salvi prepared her will and McReynolds later died on December 29, 2000. After her death, plaintiffs Bryant and Forman, beneficiaries of her estate, filed suit against Salvi and his firm, alleging negligent representation. The plaintiffs allege that Salvi wrongfully failed to execute a power of attorney for the plaintiffs' use; that Salvi interfered with McReynolds's desire to return to Mississippi; and that Salvi allowed McReynolds to execute a codicil to amend her will when she lacked mental competence.

It is undisputed that, at all relevant times, defendant Salvi was a resident of and licensed to practice law only in Illinois and that the defendant firm was organized and existed under the laws of Illinois. The defendants did not engage in the practice of law in Mississippi, represent any parties in Mississippi, or travel to Mississippi on a regular basis. The defendants' only contacts with Mississippi were phone calls made by Salvi to an attorney in Mississippi to obtain a title opinion on a piece of land for the now deceased McReynolds.

This suit was filed in Mississippi state court, and removed to federal district court in Mississippi by the defendants on diversity grounds. The defendants then moved to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. The district court granted the motion, and dismissed all claims against the defendants with prejudice. The plaintiffs then filed a motion to reconsider based on newly discovered evidence under Rule 60(b)(2). In particular, they provided evidence to support their claim that the defendants had procured and paid for the preparation of a title opinion in Mississippi for McReynolds. The district court denied the plaintiffs'

2

motion, and the plaintiffs timely appealed.

## II.

We review *de novo* a district court's dismissal under Rule 12(b)(2) for lack of personal jurisdiction. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997). We review for abuse of discretion the court's denial of a Rule 60(b) motion to reconsider. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 999 (5th Cir. 2001).

The plaintiff bears the burden of establishing the district court's personal jurisdiction over a nonresident who moves for dismissal. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). When, as here, the district court does not hold a full evidentiary hearing on personal jurisdiction, the plaintiffs' burden is met by establishing a *prima facie* case of personal jurisdiction. The district court may consider affidavits and other properly obtained evidentiary materials when making its determination, but shall accept uncontroverted allegations in the complaint as true and shall resolve all factual conflicts in favor of the plaintiffs. *See id.* at 648.

A federal district court sitting in diversity in Mississippi has personal jurisdiction over a defendant only to the extent permitted a Mississippi state court under the Mississippi long-arm statute. *See Allred*, 117 F.3d at 281. In addition, the exercise of jurisdiction under the Mississippi statute must be consistent with the Due Process clause. *Id*.

## A.

Under the Mississippi long-arm statute,[1] personal jurisdiction over a defendant in a tort claim

---

[1] The statute provides:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, *or who*

3

is proper if any element of the tort, or any part of any element, takes place in Mississippi. *See, e.g., Smith v. Temco*, 252 So.2d 212, 216 (Miss. 1971); *Anderson v. Sonat Exploration Co.*, 523 So.2d 1024, 1025 (Miss. 1988). The plaintiffs argued that the "injury" element of the alleged torts took place in Mississippi.

A court has jurisdiction under the long-arm statute if the "injury" took place in Mississippi, but not if only the consequences of the "injury" were felt in Mississippi. *Jobe v. ATR Mktg.*, 87 F.3d 751, 753 n.2 (5th Cir. 1996). The injury is the "actual invasion of a legally protected interest." *See Allred*, 117 F.3d at 282; *Jobe*, 87 F.3d at 753 n.2. The collateral consequences of that invasion can reach well beyond the actual injury. *See Allred*, 117 F.3d at 282; *Jobe*, 87 F.3d at 753 (distinguishing actual injury from collateral consequences such as pain and suffering and economic effects).

Although the consequences in this case may have reached to Mississippi, the alleged injury occurred in Illinois. Bryant alleges emotional loss as a result of being deprived of the right to care for her ailing relative. This emotional loss is not the injury, or the actual invasion of the legal right; rather it is a consequence of the injury, which occurred in Illinois when Salvi failed to help McReynolds move to Mississippi. Second, the plaintiffs claim economic loss as the result of the codicil signed by McReynolds when she lacked mental competence. These economic losses, also, are consequences of the "injury" which actually occurred in Illinois. All aspects of the codicil were prepared and executed in Illinois. The resulting damage, Bryant's and Forman's economic loss, may have been felt

---

*shall commit a tort in whole or in part in this state against a resident or nonresident of this state*, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.
Miss. Code Ann. § 13-3-57 (West 2005) (emphasis added).

4

in Mississippi, but the invasion of the legal right occurred in Illinois.

The plaintiffs fail to allege that any other element of the tort occurred, in whole or in part, in Mississippi. Therefore, we conclude that the district court properly held that Mississippi's long-arm statute does not provide for personal jurisdiction over the defendants.

B.

Mississippi's long-arm statute extends as far as the constitutional limits of due process, but no farther. Even if we found that the injury occurred in part in Mississippi, we must inquire into whether the exercise of jurisdiction comports with due process. Under the Due Process clause, a court can constitutionally exercise personal jurisdiction over a defendant if the defendant has "minimum contacts" with the forum state, and the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted).

Under the "minimum contacts" analysis, personal jurisdiction can be either general or specific. General jurisdiction exists if the defendant engaged in "substantial, continuous and systematic" activities within Mississippi. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 446 (1952); *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). If general jurisdiction existed, Mississippi could exercise jurisdiction over any cause of action, even if unrelated to the defendants' activities in Mississippi. *See Perkins*, 342 U.S. at 446. The plaintiffs do not contend, nor is there evidence to support the conclusion, that the district court had general jurisdiction over the defendants.

Specific personal jurisdiction over a defendant is for a particular cause of action. It exists where the defendant's contacts with the forum state arise from, or are directly related to, the cause of action. *Wilson*, 20 F.3d at 647. Specific personal jurisdiction requires a showing that: (1) the out-

5

of-state defendant purposely availed itself of the privilege of conducting activities within the forum state, invoking the benefits and protections of local law; (2) the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the court's exercise of personal jurisdiction in the particular case comports with "fair play and substantial justice." *See Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2000); *Allred*, 117 F.3d at 285 (5th Cir. 1997).

The plaintiffs claim that the defendants "purposefully availed" themselves of the benefits and protections of Mississippi law by calling a Mississippi law firm, procuring a title opinion from that law firm regarding a piece of land purported to be part of McReynolds's estate, and paying a fee for the title opinion. However, these contacts, even if sufficient to establish "purposeful availment," are unrelated to the plaintiffs' claims of negligence. They are insufficient to establish specific personal jurisdiction. The plaintiffs' claims center around different events which took place in Illinois. Namely, the plaintiffs claim that the defendants failed to execute McReynolds's wishes with regard to moving to Mississippi and with regard to a codicil to McReynolds's will. These negligent failures to act are unrelated to the procurement of a title opinion in Mississippi.

In addition, the exercise of jurisdiction in this case would not comport with "fair play and substantial justice." This "reasonableness" requirement may defeat jurisdiction even if the defendant has purposefully engaged in forum-related activities. *See Asahi Metal Indus. Co. v. Sup. Ct.*, 480 U.S. 102, 115 (1987). We consider factors such as the burdens on the defendants, the interests of the forum state, the plaintiffs' interests in obtaining relief, and judicial efficiency. *See World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 292 (1980); *Allred*, 117 F.3d at 286 n.7. These factors weigh against finding jurisdiction in Mississippi. The defendants reside in Illinois; the relevant evidence regarding these claims is located in Illinois; Illinois has a substantial interest in protecting the estates

of its citizens; and t he plaintiffs could have obtained relief by filing their claim in an Illinois court. Therefore, we find that the exercise of jurisdiction in Mississippi would not be reasonable.

III.

To succeed on a motion to reconsider based on newly discovered evidence, the movant must demonstrate that the evidence is material, controlling, and clearly would have produced a different result than the original judgment. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003) (citing *Provident Life & Accident Ins. Co.*, 274 F.3d at 999). The evidence introduced to support the plaintiffs' Rule 60(b) motion to reconsider merely confirmed prior allegations made by the plaintiff that the defendant had called and procured a title opinion from a Mississippi law firm. It did not introduce additional evidence that the tort took place in Mississippi or that the defendants had additional contacts with Mississippi. The additional evidence, not materially different from what was already before the district court, would not have produced a different result. The district court did not abuse its discretion in denying the motion to reconsider.

**CONCLUSION**

We hold that the district court lacks authority under both the Mississippi long-arm statute, Miss. Ann. Code § 13-3-57, and the Due Process clause of the Fourteenth Amendment of the United States Constitution to exercise personal jurisdiction over the defendants. Therefore the district court's dismissal for lack of jurisdiction pursuant to Rule 12(b)(2) and denial of the plaintiffs' Rule 60(b) motion to reconsider are AFFIRMED.