United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-60255
_____

JACK KOEGEL; WILLIAM FIELDS,

Plaintiffs-Appellants,

versus

BAUGUR GROUP, HF; JON ASGEIR JOHANNESSON;
JOHANNES JONSSON; JOHN DOES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(USDC No. 3:04-CV-29-HTW-JCS)

_____

Before REAVLEY, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

     Jack Koegel and William Fields appeal the district court's dismissal for want of

personal jurisdiction of their lawsuit against an Icelandic business entity, Bauger Group, HF

---

     *Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

("Bauger"), and several individual Icelanders. We affirm for the following reasons:

1. The only claim before us is fraud based on misrepresentations that Bauger and its employees allegedly made to induce Koegel and Fields to take part in the Bonus Stores business venture. The district court found that it had personal jurisdiction over Koegel's fraud claim for alleged misrepresentations that occurred after he had moved to Mississippi, but the plaintiffs-appellants voluntarily dismissed that claim. And the plaintiffs-appellants have not appealed the district court's dismissal of their contract claims.

2. No part of the alleged tort that is before us occurred in Mississippi, so the tort prong of Mississippi's long-arm statute, Miss. Code Ann. § 13-3-57, provides no basis for personal jurisdiction. In determining the site of an injury for jurisdictional purposes, we distinguish the actual injury from "its resultant consequences, such as . . . economic effects or other collateral consequences that often stem from the actual injury." *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996) (interpreting Mississippi law). We have recognized that "such collateral consequences may be far-reaching[,] particularly in a commercial tort situation [,]" and they do not confer jurisdiction where they occur. *Id.* The law of Mississippi is that " 'not every spoken untruth is actionable as a fraud. It is only if that untruth was designed to, and did, in fact, induce the hearer to change his position in justifiable reliance on the untruth that it becomes potentially actionable.' " *Lacy v. Morrison*, 906 So.

2d 126, 130 (Miss. Ct. App. 2004) (quoting *McGee v. Swarek*, 733 So. 2d 308, 312 (Miss. Ct. App. 1998)).  So, under Mississippi law and our opinion in *Jobe*, the actionable injury in this case must be the plaintiffs-appellants' change of position, if any, in justifiable reliance on the representations that Baugur made.  Koegel's detrimental reliance is clear:  he terminated his employment with the New Jersey retailer.  But that injury did not occur in Mississippi.  And Fields has not alleged how he suffered any tortious injury in Mississippi.

3. Because Mississippi's long-arm statute does not provide a jurisdictional base, we do not conduct a minimum-contacts analysis.

AFFIRMED.