United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 7, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————

No. 06-10948

———————

ABLE FUND, ABLE EURO FUND, BANK OF BERMUDA GUERNSEY, BANQUE
CANTONALE VAUDOISE, BANQUE DE LUXEMBOURG, BANKQUE PRIVEE
EDMOND DE ROTHSCHILD LIMITED, BLAZER CAPITAL, INC., CREDIT
SUISSE PRIVATE BANKING, HERACLES, THE HERROSEN GLOBAL FUND
LTD, PICTET & CIE BANQUIERS, KB LUX SPECIAL OPPORTUNITIES
INVESTING, KGH NEPTUNE, KGH SATURNE, MARTINEX LTD, SOCIETE
EUROPEENE DE BANQUE, SOMERS DUBLIN LIMITED, FRIEDRICH
ZELLWEGER,

                                        Plaintiffs-Appellants,

                        v.

KPMG ACCOUNTANTS NV, CITCO FUND SERVICES (CURACAO) NV,

                                        Defendants-Appellees.

———————————————————————

Appeal from the United States District Court for the
Northern District of Texas, Dallas Division
3:05-CV-2263

———————————————————————

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

        This is an appeal from the district court's dismissal of

Plaintiffs' claims against out-of-state Defendants.  Because

personal jurisdiction is lacking as to both defendants, we affirm.

———————

        [*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs, eighteen European and Caribbean investment groups, invested in an offshore hedge fund, Dobbins Offshore, Ltd. ("the Fund"), that advertised immunity from American regulation and taxation. Plaintiffs sued the Fund; J. Robert Dobbins, director of the Fund; Dobbins Offshore Capital, LLC ("Dobbins Capital"), manager of the Fund; Citco; and KPMG, claiming that the Defendants made a series of misrepresentations to induce Plaintiffs to invest in the Fund, asserting causes of action for fraud, breach of fiduciary duty, and negligence. The Fund is a British Virgin Islands corporation with its principal place of business on the island of Tortola, and both Dobbins and Dobbins Capital are Texas residents.

Defendant Citco Fund Services (Curacao), N.V. ("Citco"), a foreign corporation with its sole place of business in Curacao, Netherlands Antilles, provided administrative services to the Fund. Plaintiffs allege that Citco committed fraud and negligence by failing to verify independently that the Fund's portfolio was accurately valued and by disseminating false monthly New Asset Valuation ("NAV") statements to investors. The relevant contacts between Citco and Texas are limited to mailed and emailed communications and phone calls to Dobbins and Dobbins Capital in Texas, and correspondence with the Fund's Texas counsel and a Texas brokerage firm.

KPMG Accountants, N.V. ("KPMG"), also a Netherlands Antilles

2

firm, provided accounting services to the Fund. Plaintiffs allege that KPMG committed fraud and negligence by wrongfully issuing a "clean" audit report to investors. KPMG does not maintain a Texas office or maintain a registered agent or bank account in Texas. The relevant contacts between KPMG and Texas are limited to email, phone, and in-person communications regarding the KPMG audit of the Fund and payment to KPMG for its work and the mailing of the audit reports to Dobbins and Dobbins Capital in Texas.

Plaintiffs filed this suit in Texas state court, and Defendants removed to federal court. Citco and KPMG successfully moved to dismiss the case against them for lack of personal jurisdiction, and Plaintiffs appealed.

II. <u>DISCUSSION</u>

We review a district court's dismissal for lack of personal jurisdiction *de novo*. *Central Freight Lines Inc. v. APA Transport Corp*., 322 F.3d 376, 380 (5th Cir. 2003).

In order for personal jurisdiction to satisfy Due Process requirements, a plaintiff must show that (1) the defendant "purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir.

1999).[1] We find that the defendants did not establish minimum contacts.

We consider Citco and KPMG in turn.[2]

Citco's communications into Texas were primarily directed to co-defendant Dobbins, did not provide the basis for the alleged tort, and were not directed to the plaintiffs. This stands in contrast to the cases cited by the plaintiffs in which foreign defendants contracted with a Texas resident and sent communications to shareholders in Texas. *See, e.g. Gutierrez v. Cayman Islands Firm of Deloitte & Touche*, 100 S.W.3d 261 (Tex. App. San Antonio 2002). As the district court correctly found, this is neither a case in which an intentional tort arises from an alleged misrepresentation directed to a Texas resident, nor is this a case in which the injury from an alleged tort, perpetrated elsewhere, was suffered here. *Cf. Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 212–13 (5th Cir. 1999) ("When the actual content of

---

[1]The Texas long-arm statute extends personal jurisdiction to the permissible limits of the Due Process Clause, and so we only need to determine whether the exercise of personal jurisdiction in this case would comport with those federal guarantees. *Latshaw*, 167 F.3d at 211; *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990).

[2]Personal jurisdiction can be of either the general or specific variety, *Mink v. AAAA Develop., LLC*, 190 F.3d 333, 336 (5th Cir. 1999), but it is not disputed that Citco and KPMG lack sufficient contacts to justify general jurisdiction. Specific jurisdiction can be exercised "in a suit arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8(1984).

4

communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment.").

No Plaintiff is a resident of or was injured in Texas. The torts alleged against Citco are wholly unrelated to the forum, and no tort is alleged to have been committed in whole or part in this state. *See Jobe v. ATR Marketing, Inc*., 87 F.3d 751, 753–54 (5th Cir. 1996) (finding no personal jurisdiction where injury occurred outside forum). While a court can base specific jurisdiction not only on conduct from which the cause of action arises, but also on conduct "related to" the claims, *see Helicopteros*, 466 U.S. at 414 n.8, the Citco-Dobbins communications do not support the requirement that Citco purposefully avail itself of the benefits and protections of the forum. *See Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (finding that exchange of communications in course of developing and carrying out contract does not, by itself, constitute required purposeful availment of benefits protections of Texas law). Rather, the sole Texas connection rests on the fortuitous location of a co-defendant with which Citco was obliged to correspond in the performance of its offshore duties. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)(finding that random, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction); *Freudensprung v. Offshore Tech. Serv., Inc*., 379 F.3d 327, 334–44 (5th Cir. 2004) (finding no personal jurisdiction based on interaction among

5

related co-defendants).  Having considered all relevant factors and potential contacts, we find that the district court was correct in finding that Citco lacks minimum contacts with Texas.

The claims against KMPG are based on the audit it performed for the Fund.  KPMG performed the audit in the Netherlands Antilles and mailed the audit from that location to Citco in Curacao.  Citco then distributed it to the Plaintiffs in Europe and the Caribbean.  KPMG's sole Texas contacts were made to collect information for use in the audit.  As explained above, mere communications with a co-defendant whom a defendant is obliged to communicate with in the carrying out of its duties are not sufficient to establish minimum contacts.  *See Holt Oil,* 801 F.2d at 778.  The plaintiffs do not allege any conduct on the part of KPMG that supports the district court's exercise of personal jurisdiction.

Given our finding that no minimum contacts exist to exercise jurisdiction over Citco and KPMG, we do not need to consider whether such jurisdiction would violate traditional notions of fair play and substantial justice.

III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal.