# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2017

No. 16-60659

Lyle W. Cayce
Clerk

CEH ENERGY, L.L.C.; SHENZHEN CAREALL INVESTMENT HOLDINGS
GROUP COMPANY, LIMITED,

        Plaintiffs - Appellants

v.

KEAN MILLER, L.L.P.; STEPHEN HANEMANN,

        Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:15-CV-154

Before STEWART, Chief Judge, and WIENER and PRADO, Circuit Judges.

PER CURIAM:*

        This action arose from the purchase of an interest in a prospective oil and gas well (the "Williams Well") by Plaintiffs-Appellants CEH Energy, LLC ("CEH") and Shenzhen Careall Investment Holdings Group Co., Ltd. ("Careall") from Intrepid Drilling, LLC ("Intrepid"). Following their due diligence investigation of the Williams Well prospect, appellants retained

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60659

Defendant-Appellee Stephen Hanemann, an attorney at the Louisiana law firm of Defendant-Appellee Kean Miller, L.L.P. ("Kean Miller"), to represent them in the execution of a Participation Agreement. After the Williams Well proved unsuccessful, appellants sued appellees and others in federal court in Mississippi, claiming, inter alia, that appellees had committed various torts and violated various state and federal securities laws during this representation. According to appellants, they did not know that appellees also represented Intrepid and its owner, William Simmons, III (collectively the "Simmons defendants").

CEH is a Delaware limited liability company and a United States subsidiary of Carreall, a Chinese investment company. Hanemann is a Louisiana resident, and Kean Miller is a Louisiana limited liability partnership. Simmons is a Mississippi resident, and Intrepid is a Mississippi limited liability company. The district court dismissed appellants' claims against appellees for lack of personal jurisdiction.

We review de novo a district court's dismissal for lack of personal jurisdiction under Rule 12(b)(2),[1] and we review a district court's factual findings for clear error.[2] "[P]laintiff bears the burden of establishing a district court's jurisdiction over a non-resident, but it need only make a prima facie case if the district court rules without an evidentiary hearing."[3]

---

[1] *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997).

[2] *Irvin v. S. Snow Mfg., Inc.*, 517 F. App'x 229, 230 (5th Cir. 2013).

[3] *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)).

No. 16-60659

## I.

### STATE LAW CLAIMS

For non-federal claims, a federal court must determine whether both state law and the Due Process Clause of the Fourteenth Amendment permit the exercise of personal jurisdiction over a non-resident defendant.[4] Appellants assert jurisdiction under the tort prong of the Mississippi long-arm statute, which confers jurisdiction over a non-resident defendant who "commits a tort in whole or in part in Mississippi." [5]

Appellants contend that appellees' representation of the Simmons defendants provides the necessary tort nexus with Mississippi. Appellants wholly fail, however, to allege that appellees committed any tort, in whole or in part, in Mississippi. All acts alleged to give rise to appellants' claims took place in Louisiana. Appellants have not shown that the district court may exercise personal jurisdiction over appellees as to appellants' state law claims on the basis of the tort prong of the Mississippi long-arm statute.

## II.

### FEDERAL LAW CLAIMS

Appellants also allege violations of the Securities Exchange Act, which would provide for the district court's exercise of personal jurisdiction over appellees.[6] All of the parties agreed, and the district court stated, that when federal claims are asserted against a non-resident defendant "the relevant inquiry is whether the defendant has had minimum contacts with the United

---

[4] *Smith v. DeWalt Prods. Corp.*, 743 F.2d 277, 278 (5th Cir. 1984).

[5] *Walker v. World Ins. Co.*, 289 F. Supp. 2d 786, 788 (S.D. Miss. 2003); MISS. CODE ANN. § 13-3-57.

[6] 15 U.S.C. § 78aa(a).

3

No. 16-60659

States."[7] Inexplicably, however, the district court dismissed appellants' federal securities claims for what it stated was lack of personal jurisdiction by holding that appellants had "failed to allege sufficient facts to demonstrate loss causation, and their 10b-5 claim against [appellees] fails." Even though the court did not analyze appellants' federal claims on the basis of the applicable standard for ruling on a motion to dismiss for lack of personal jurisdiction, "we may affirm for reasons other than those relied upon by the district court."[8] The instant record confirms beyond cavil that appellants failed to plead facts sufficient to state a claim under federal securities laws because they did not bear their burden of alleging loss causation.[9] Thus, the district court did not err in dismissing appellants' federal securities claims.

## III.

### CONCLUSION

We affirm the judgment of the district court based on our review of the briefs, the record, the applicable law, and the oral arguments of counsel.

AFFIRMED.

---

[7] *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994).

[8] *LLEH v. Wichita Cty.*, 289 F.3d 358, 364 (5th Cir. 2002) (citations omitted). On appeal, appellants did not raise the district court's failure to apply the correct standard for determining a motion to dismiss for lack of personal jurisdiction. "This Court has repeatedly stated that the brief of the appellant is required to contain a statement of the issues presented for review and an argument portion which analyzes and supports those contentions. Consequently, issues not raised or argued in the brief are considered waived and thus will not be noticed or entertained by this Court on appeal." *Melton v. Teachers Ins. & Annuity Ass'n of Am.*, 114 F.3d 557, 561 (5th Cir. 1997).

[9] *See Robbins v. Koger Props.*, 116 F.3d 1441, 1447 (11th Cir. 1997).