**Carl GARDNER, Plaintiff,**

v.

**Dick CLARK d/b/a Dick Clark Productions, Olive Enterprises, Inc., and The Robinson Property Group, Defendants.**

**Civil Action No. 2:99cv84–D–B**

United States District Court,
N.D. Mississippi,
Delta Division.

May 30, 2000.

such a dramatic step based upon an equivocal footnote.

Gerard F. Dunne, New York City, for plaintiff.

John H. Cocke, Merkel & Cocke, Clarksdale, MS, Lowell Davis, Carle Place, NY, for Dick Clark, Olive Enterprises, Inc., defendants.

David A. Burns, Michael K. Graves, Holcomb Dunbar, Clarksdale, MS, for Horseshoe Casino, defendant.

Michael K. Graves, Edward Peacock Connell, Jr., Holcomb Dunbar, Clarksdale, MS, David A. Burns, Water Valley, MS, Lowell Davis, Carle Place, NY, for Robinson Property Group Ltd. Partnership, defendant.

## OPINION

DAVIDSON, District Judge.

The following matters are before the court: 1) Plaintiff's Motion to Dismiss the Counter-claim of Robinson Property Group; 2) Plaintiff's Renewed Motion to Dismiss the Second Counter-claim of Dick Clark d/b/a Dick Clark Productions and Olive Enterprises, Inc.; and 3) Defendant Dick Clark d/b/a Dick Clark Production's Motion to Dismiss. Upon due consideration, the court finds that the Plaintiff's motions shall be granted and the Defendant's motion shall be denied.

### Factual and Procedural History

Plaintiff, Carl Gardner, filed the underlying Complaint against Defendants, Dick Clark d/b/a Dick Clark Productions, Olive Enterprises, Inc., and The Robinson Property Group alleging trademark infringement and false advertising for the Defendants' unauthorized use of Gardner's registered trademark for the musical group "The Coasters."

During the 1950s and 1960s, The Coasters recorded several highly acclaimed songs establishing the group as a rock and roll icon and providing numerous well-known standards of rock and roll music. Some of the group's hits include Poison Ivy, Charlie Brown, Yakety Yak, and Love Potion No. 9. Gardner, an original member of the musical group, obtained a trademark registration for the name "The Coasters" on March 31, 1998 (Reg. No. 2,146,911).

On May 21, 22, and 23, 1998, Defendants Dick Clark d/b/a Dick Clark Productions (hereinafter Clark) and Olive Enterprises, Inc., produced a concert at the Bluesville Showcase Nightclub in the Horseshoe Casino, owned by Defendant Robinson Property Group, which included The Coasters. The promotional materials used by the Defendants represented that Billy Guy, another original member of the group, would appear with The Coasters and perform at the nightclub. The materials also noted that The Coasters were the first group inducted into the Rock & Roll Hall of Fame and cited some of their greatest hits. Neither Billy Guy nor any other member of The Coasters that had been inducted into the Rock & Roll Hall of Fame performed at the concert.

Gardner filed the instant cause of action alleging infringement of his rights in The Coasters trademark and for false advertising regarding the promotional materials which asserted that The Coasters who were to appear at the Bluesville concert were the same group that had performed under that name in the 1950s and 1960s and that had been inducted into the Rock & Roll Hall of Fame. Both Robinson Property Group and Dick Clark filed Answers which included counter-claims against the Plaintiff for, *inter alia*, unlawful restraint of trade. Plaintiff's instant motions seek to dismiss the counter-claims for unlawful restraint of trade, and Defendant Clark's motion seeks dismissal of the claims against Dick Clark d/b/a Dick Clark Productions.

### Discussion

A. *Motion to Dismiss Counter-claims of Robinson Property Group and Dick Clark*

In their respective Answers, Defendants Robinson and Clark allege identical "restraint of trade" counter-claims against Gardner.[1] Specifically, Defendants allege

---

1. Defendant Robinson filed three counter-claims against Gardner, the second of which is the restraint of trade claim. Defendant Clark filed four counter-claims against Gard-

that Plaintiff's persistent litigation amounts to an unlawful restraint of their commercial activities. Because the Plaintiff's motions to dismiss these counter-claims are grounded on the same legal theories, the court will consider them simultaneously. Although Defendant Clark has failed to respond to the Plaintiff's motion to dismiss, in the interest of judicial economy, the court will address the merits of both of Plaintiff's motions.

Plaintiff submits two principal bases for dismissal of the counter-claims, namely: 1) that the Defendants failed to plead any basis for jurisdiction of the court as required by Rule 8(a) of the Federal Rules of Civil Procedure; and 2) that the counter-claims fail to state a claim upon which relief can be granted.[2] The court will address these issues in turn.

### 1. Federal Rule of Civil Procedure 8(a)

Rule 8(a) requires that

[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it. . . .

Fed.R.Civ.P. 8(a). Gardner contends that the Defendants' counter-claims are fatally flawed by not including a statement of the grounds upon which jurisdiction is based.[3]

In a cause of action, the complaint is designed to be the "ignition point" for discovery, where the issues are to be defined. Murray v. Restor Tel. Products/World Access, Inc., No. Civ. 399CV0819H, 2000 WL 45876, at *2 (N.D.Tex. Jan.19, 2000). Thus, the pleading requirement established by Rule 8(a) is a considerably low hurdle. A complaint or counter-complaint will only be deemed inadequate under Rule 8 if it fails to "1) provide notice of the circumstances which give rise to the claim, or 2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." Id. (citing General Star Indem. Co. v. Vesta Fire Ins. Corp., 173 F.3d 946, 950 (5th Cir.1999). Moreover, failure to comply with Rule 8 does not mandate dismissal for lack of jurisdiction so long as the facts appropriate for invocation of federal jurisdiction are alleged in the complaint. See Continental Cas. Co. v. Canadian Universal Ins. Co., 605 F.2d 1340, 1343 (5th Cir. 1979).

Although the Defendants' counter-claims are not overly artful, the allegations in the counter-complaints provide far more than a "bare bones allegation that a wrong occurred." See Walker v. South Central Bell Tel. Co., 904 F.2d 275, 277 (5th Cir.1990). Additionally, because the Plaintiff's Complaint originated under 15 U.S.C. § 1114,

ner, likewise the second counter-claim is for restraint of trade. Only those counter-claims are presently before the court.

2. With respect to Robinson's counter-claim, Gardner also argues that the Defendant failed to comply with Rule 12(a)(4)(A), which requires that a responsive pleading be served within ten (10) days after notice of the action of the court concerning a motion directed to the complaint. Gardner contends that Robinson's prior motion to dismiss (seeking to dismiss Horseshoe Casino), was resolved on October 6, 1999, and an answer and any counter-claims were due to be served by mid-October. Robinson's answer was filed on February 7, 2000. This issue was wholly re-solved by Magistrate Judge Bogen in his Order of March 22, 2000, wherein he granted, nunc pro tunc, Robinson's motion for additional time to answer the Complaint. The court finds no basis for disturbing the Magistrate Judge's decision and will not further address this issue.

3. Gardner also takes issue with the Defendants' references to claims for restraint of trade "under the laws of the United States or the State of New York." Answer of Robinson Property Group, ¶ 42, Answer of Dick Clark, ¶ 43 (emphasis added). In its response, Robinson concedes that reference to the State of New York was a clerical error and such law is not applicable in the instant cause of action.

for infringement of a registered trademark, and because the Defendants' counter-claims are recognized defenses under 15 U.S.C. § 1115(b)(7), there was no need for pleading the basis for this court's jurisdiction. Thus, Defendants' counter-claims, while perhaps deficient for their failure to specify the basis for jurisdiction, are not fatally so. *See Hildebrand v. Honeywell,* 622 F.2d 179, 181 (5th Cir.1980)(It is well-settled that where a complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged satisfy the jurisdictional requirements of the statute.).

### 2. Federal Rule of Civil Procedure 12(b)(6)

In ruling on a motion to dismiss under Rule 12(b)(6), the court must take as true the well-pleaded allegations in the complaint and construe them in the light most favorable to the plaintiff. *C.C. Port, Ltd. v. Davis–Penn Mtg. Co.,* 61 F.3d 288, 289 (5th Cir.1995). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *Id.* It must appear beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir.1995).

Conversely, dismissal is never warranted because the court believes the plaintiff is unlikely to prevail on the merits. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Even if it appears an almost certainty that the facts alleged cannot be proved to support the claim, the complaint cannot be dismissed so long as the complaint states a claim. *Clark v. Amoco Production Co.,* 794 F.2d 967, 970 (5th Cir.1986). If, however, a required element, a prerequisite to obtaining the requested relief, is lacking in the complaint, dismissal is proper. *Id.*

As their second counter-claim, Robinson and Clark allege that Gardner has committed unlawful restraint of trade by 1) threatening to take legal action against booking agents engaged in the business of selling the entertainment services of popular 1950s performing groups, unless they purchase these services from Gardner; 2) initiating litigation against individuals who offered the entertainment services of The Coasters; and 3) falsely claiming exclusive ownership of the trademark registration of The Coasters. *See* Answer of Robinson Property Group, Second Counter-claim and Answer of Dick Clark, Second Counter-claim.

Gardner has predicated his motion to dismiss on the grounds that neither the instant litigation nor his efforts to enforce his trademark rights violate antitrust laws and that the Defendants have failed to allege facts sufficient to support any claim for relief under the Sherman Act.

Current doctrines firmly recognize jurisprudential immunity from antitrust liability for a party's efforts to petition the government for redress. This immunity, known as the Noerr–Pennington Doctrine, was established by two Supreme Court cases, i.e. *Eastern R.R. Presidents Conference v. Noerr Motor Inc.,* 365 U.S. 127, 81 S.Ct. 523, 5 L.Ed.2d 464 (1961) and *United Mine Workers v. Pennington,* 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965). Although originally applicable only to legislative and administrative efforts, the Noerr–Pennington Doctrine was extended to include attempts to persuade adjudicative bodies as well. *California Motor Transp. v. Trucking Unlimited,* 404 U.S. 508, 510, 92 S.Ct. 609, 611–12, 30 L.Ed.2d 642 (1972). This immunity, however, does not extend to "sham proceedings" which are instituted without probable cause and in complete disregard of the law to cover up attempts to interfere with the business relationship of a competitor. *Barq's, Inc. v. Barq's Beverages, Inc.,* 677 F.Supp. 449, 451 (E.D.La.1987)(citing *Noerr,* 365 U.S. at 144, 81 S.Ct. at 533).

■ The Supreme Court has determined litigation to be a "sham" if it meets the following two-part test:

> First, the lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. If an objective litigant could conclude that the suit is reasonably calculated to elicit favorable outcome, the suit is immunized under Noerr, and an antitrust claim premised on the sham exception must fail. Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation. Under this second part of our definition of sham, the court should focus on whether the baseless lawsuit conceals "an attempt to interfere directly with the business relationships of a competitor" ... through the "use [of] the governmental process— as opposed to the outcome of that process—as an anti-competitive weapon" ...

*Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.,* 508 U.S. 49, 60–61, 113 S.Ct. 1920, 1928, 123 L.Ed.2d 611 (1993)(internal citations omitted).

In the instant case, Gardner's challenged activities are either directly attributable to litigation or indirectly concern litigation activities that occurred prior to the initiation of this cause of action. *See Coastal States Mktg., Inc. v. Hunt,* 694 F.2d 1358, 1367(5th Cir.1983)(acts attendant to litigation are immune if litigation made in good faith); *Barq's,* 677 F.Supp. at 452 (actions preceding filing of lawsuit protected under Noerr–Pennington immunity). Moreover, a review of Gardner's infringement claims, indicates that the Plaintiff's allegations are not "objectively baseless."

This is not a case where Gardner abused the judicial process by bringing suit for purely anti-competitive reasons, or filed the cause of action to interfere with the business relationship of a competitor. Gardner's position, which is supported by documentation verifying his trademark registration, is that he has rights in The Coasters trademark. The court is of the opinion that his claim, that those rights were infringed upon by actions taken by the Defendants, is reasonably calculated to elicit a favorable outcome. Gardner also alleges false advertising claims, which the court similarly finds to be initiated upon probable cause.

Because the Plaintiff's desire for judicial relief was a "significant, motivating factor underlying the initiation of this lawsuit," this suit and the Plaintiff's actions attendant to his infringement claims are immunized under the *Noerr–Pennington* Doctrine. *See Barq's,* 677 F.Supp. at 453. Accordingly, the second counter-claims of Robinson Property Group and Dick Clark, d/b/a Dick Clark Productions and Olive Enterprises, Inc., for unlawful restraint of trade shall be dismissed.[4]

**B. Motion to Dismiss Dick Clark d/b/a Dick Clark Productions**

■ Defendants Dick Clark, d/b/a Dick Clark Productions, and Olive Enterprises, Inc., filed an Answer in this cause of action on June 15, 1999. The Answer includes an affirmative defense that "the plaintiff lacks both personal and subject matter jurisdiction over the defendants ..." Answer of Dick Clark, p. 4. Defendant Clark has now filed a motion to dismiss the claims against him pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

Although the instant motion is styled as a motion to dismiss for lack of personal jurisdiction, the Defendant relies almost exclusively on purported deficiencies in the manner of service as support for the motion. Indeed, it appears that the Defen-

---

**4.** Because the court finds that the Defendants' counter-claims for restraint of trade should be dismissed in accordance with the Noerr–Pennington doctrine, it will not address the Plaintiff's allegation that the Defendants have failed to allege facts sufficient to support any claim for relief under the Sherman Act.

dant is arguing that the alleged defects in service preclude the court from exercising in personam jurisdiction over Clark. Because proper service of process is not synonymous with amenability to an assertion of personal jurisdiction, the Defendant's arguments regarding the manner service was effected do not resolve the jurisdictional issue.

Notably, the Defendant's first responsive pleading only included an affirmative defense of lack of personal jurisdiction and lack of subject matter jurisdiction. In addition, the style of the instant motion refers to Rule 12(b)(2). The court is of the opinion that the Defendant has waived any defense of insufficiency of process or insufficiency of service of process.[5]

### 1. *Rule 12(b)(2) Standard*

■ Personal jurisdiction over a non-resident defendant in a federal question case is determined by reference to the law of the state in which the court sits, unless otherwise provided by federal law. As federal trademark laws do not provide for nationwide service of process over a non-resident defendant, this court can exercise personal jurisdiction over Clark only to the extent permitted by Mississippi law. *See Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir.1989); *Roberts–Gordon, LLC v. Superior Radiant Prods. Ltd.*, 85 F.Supp.2d 202, 207–08 (W.D.N.Y.2000); *Johnson Worldwide Assocs., Inc. v. Brunton Co.*, 12 F.Supp.2d 901, 906 (E.D.Wis. 1998).

■ The extent of federal jurisdiction over a non-resident defendant is determined by a two-step inquiry: 1) the defendant must be amenable to service of process under the forum state's jurisdictional long-arm statute, and 2) the exercise of jurisdiction under the state statute must comport with the dictates of the due process clause of the Fourteenth Amendment. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104–05, 108 S.Ct. 404, 409–10, 98 L.Ed.2d 415 (1987). Because proper service of process is not synonymous with amenability to an assertion of personal jurisdiction, whether service was effected does not resolve the jurisdictional issue. *Applewhite v. Metro Aviation, Inc.*, 875 F.2d 491, 494 (5th Cir.1989). Once personal jurisdiction has been challenged, plaintiffs bear the burden of establishing the court's jurisdiction over non-resident defendants. However, plaintiffs need not make a full showing on the merits that jurisdiction is proper but must make a prima facie showing of the facts upon which in personam jurisdiction is predicated to avoid dismissal for lack of jurisdiction. In this regard, "the allegations of the complaint, except as controverted by the defendant's affidavits, must be taken as true." *Strong v. RG Indus., Inc.*, 691 F.Supp. 1017, 1018 (S.D.Miss.1988)(internal citations omitted).

### 2. *Mississippi Long–Arm Statute*

In determining whether a non-resident defendant is amenable to suit under Mississippi's long-arm statute, it must be found to meet at least one prong, the "contract prong," "tort prong," or "doing business" prong, to satisfy the statutory requirement for jurisdiction. *See* Miss. Code Ann. § 13–3–57. Mississippi's long-arm statute provides in relevant part:

> Any non-resident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a

**5.** The defenses of 1) lack of personal jurisdiction, 2) improper venue, 3) insufficiency of process, and 4) insufficiency of service of process are defenses that should be asserted in a pre-answer motion. The failure of a pleader to raise these defenses by answer or motion constitutes a waiver of the defenses pursuant to Rule 12(h)(1). The court is of the opinion that Clark waived the defenses of insufficiency of process and insufficiency of service of process by failing to present them either in his Answer to the Complaint, or in the instant motion to dismiss. *See R. Clinton Const. Co. v. Bryant & Reaves, Inc.*, 442 F.Supp. 838, 848 (N.D.Miss.1977).

contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss.Code Ann. § 13–3–57. The Mississippi Supreme Court has construed section 13–3–57 as applicable to three types of nonresident defendants: (1) nonresidents who make a contract with a Mississippi resident to be performed in whole or in part within the state; (2) nonresidents who commit a tort in whole or in part within the state against a resident or nonresident; and (3) nonresidents who are "doing business" within the state. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1167–68 n. 5 (5th Cir.1985)(citing *Smith v. Temco, Inc.*, 252 So.2d 212, 214–16 (Miss. 1971)). The reach of Mississippi's long-arm statute is broad. It allows Mississippi courts to exercise jurisdiction over non-resident defendants whose conduct within the state has caused an alleged injury, and over non-resident defendants who have availed themselves to the protection of the laws of the State of Mississippi. Gardner contends that the Defendant falls under the tort prong of the Mississippi long-arm statute.

### 3. *Tort Prong*

In his Complaint, Gardner alleges several torts, however, his argument for personal jurisdiction over Dick Clark centers on the business torts of trademark infringement and false advertising. In construing the tort prong of Mississippi's long-arm statute, the Mississippi Supreme Court has held that personal jurisdiction over a non-resident defendant who allegedly committed a tort is proper if any of the elements of the tort, or any part of an element, takes place in Mississippi. *Smith v. Temco, Inc.*, 252 So.2d 212, 216 (Miss. 1971). A tort is not complete until injury occurs and if the injury occurs in the state, then the tort is committed, at least in part, in that state and the exercise of personal jurisdiction over the non-resident is appropriate. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir.1997).

Gardner alleges, with evidentiary support, that Clark committed the torts of false advertising and trademark infringement, at least in part, through his activities at the Horseshoe Casino in Mississippi. Specifically, Plaintiff contends that Clark promoted and hosted each of the three concerts at the Bluesville Nightclub with full knowledge that the musical group performing as The Coasters was not the legendary Coasters from the 1950s. Moreover, Plaintiff contends that the Defendant was notified prior to the concerts that the group to be performing as The Coasters was not authorized to use that registered trademark. Indeed, the whole of Plaintiff's claims involve the Defendant's actions relative to and during the concerts in Mississippi, including the promotional materials generated by Clark's organizations. Since there can be no tort without injury, the state in which the injury occurs is the state in which the tort occurs, and one who commits injury in the state is amenable to suit there. Plaintiff's allegations are sufficient to establish a prima facie case of personal jurisdiction under the tort prong of Mississippi's long-arm statute. *See WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir.1989). Accordingly, this court's exercise of personal jurisdiction under the long-arm statute is appropriate.

### 4. *Constitutional Analysis*

Once the court determines that the state law prong of the jurisdictional analysis is satisfied, a plaintiff must still demonstrate that the exercise of jurisdiction comports with the Due Process clause of the Fourteenth Amendment. The court must find

that the non-resident defendant has (1) purposefully established "minimum contacts" with the forum state and, if so, (2) that entertainment of the suit against the non-resident would not offend "traditional notions of fair play and substantial justice." *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir.1990)(quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed.2d 95 (1945)).

### a. Minimum Contacts

■ The court first addresses the minimum contacts requirement. A defendant has the requisite minimum contacts with a state when "it purposely avails itself to the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denkla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). Minimum contacts with the forum state may arise incident to the federal court's "general" or "specific" jurisdiction over the non-resident defendant. The court may exercise specific jurisdiction when the suit "arises out of or is related to" the defendant's contacts with the forum. *Petroleum Helicopters, Inc. v. Avco Corp.*, 804 F.2d 1367, 1370 (5th Cir.1986). General jurisdiction involves a suit which does not arise from the non-resident defendant's contacts with the forum state and can be asserted only over non-resident defendants who maintain "continuous and systematic contacts" with the forum state. *Interfirst Bank Clifton v. Fernandez*, 844 F.2d 279, 283 (5th Cir.1988)(citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404, 411 (1984)).

■ In the instant case, the court is only concerned with specific jurisdiction as the Plaintiff's claims arise out of or are related to the Defendant's contact with Mississippi. Even a single purposeful contact is sufficient to satisfy the due process requirement of minimum contacts when the cause of action arises from the contact. *Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 333–34 (5th Cir.1982). Here, the Defendant generated and directed promotional materials to the state to be used commercially for promotion of the concert. Moreover, Clark hosted the three-day concert, purportedly with full knowledge that the musical group present was not authorized to use The Coasters registered name.

Taking Plaintiff's uncontroverted allegations as true and resolving all factual conflicts in the Plaintiff's favor, the court is of the opinion that the Plaintiff's cause of action arises directly from the Defendant's contact with the State of Mississippi. *See Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)(utilizing "effects" test allowing jurisdiction over non-resident defendants whose acts are performed for purpose of having their consequences felt in forum state); *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1390–91 (8th Cir.1991)(applying "effects" test). As a result, the Defendant has sufficient minimum contacts with the forum to warrant jurisdiction.

### b. Fairness

In addition to the above, the court cannot exercise jurisdiction over a defendant if it offends "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316, 66 S.Ct. 154. In making this determination, a court must consider the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief. It must also weigh in its determination "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies." *Asahi Metal Ind. v. Superior Court*, 480 U.S. 102, 113, 107 S.Ct. 1026, 94 L.Ed.2d 92, 105 (1987).

■ Once it has been established that a defendant has personally established adequate minimum contacts within the forum state, the exercise of personal jurisdiction is deemed fair unless the de-

fendant presents a compelling case that the court's exercise of jurisdiction is unreasonable. *Gundle Lining Constr. Co. v. Adams County Asphalt, Inc.,* 85 F.3d 201, 207 (5th Cir.1996). Moreover, if a defendant purposefully avails himself to the benefits and protection of the forum state's laws by engaging in activity outside the state that bears reasonably foreseeable consequences in the state, maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice. *Mississippi Interstate Express, Inc. v. Transpo, Inc.,* 681 F.2d 1003, 1007 (5th Cir.1982). The court finds on the record before it that its exercise of jurisdiction is neither unfair nor unreasonable. The burden upon the Defendant is not so great in this instance as to prevent the court's exercise of jurisdiction. Although Clark contends that travel to Mississippi would be unduly burdensome, the court notes that he previously traveled into this state to conduct the activities which directly prompted this cause of action. Under the circumstances, Clark must reasonably anticipate being haled into court in Mississippi to answer for the truthfulness of the statements made and the promotional materials directed into the State's commercial channels. *See Finley v. River North Records, Inc.,* 148 F.3d 913 (8th Cir.1998)(concert promoter amenable to personal jurisdiction in state where promotional materials were directed). The court is of the opinion that there is nothing unfair about asserting jurisdiction over Dick Clark, d/b/a Dick Clark Productions, limited to the cause of action arising out of this conduct.

The Plaintiff has made a prima facie showing that the Defendant is amenable to service of process under the Mississippi long-arm statute and that exercise of jurisdiction over this Defendant comports with the dictates of the due process clause of the Fourteenth Amendment. Accordingly, the Defendant's motion to dismiss for lack of in personam jurisdiction shall be denied.[6]

Although the Defendant includes a reference to Rule 12(b)(6), the motion provides no basis for granted relief pursuant to this provision. Thus, the court will not speculate as to the Defendant's contention that the Complaint fails to state a claim upon which relief may be granted.

A separate order in accordance with this opinion shall issue this day.

## ORDER

Pursuant to an opinion issued this day, it is hereby ORDERED that:

Plaintiff's motion to dismiss the second counter-claim of Robinson Property Group for unlawful restraint of trade is GRANTED;

Plaintiff's renewed motion to dismiss the second counter-claim of Dick Clark, d/b/a Dick Clark Productions, Inc. and Olive Enterprises, Inc., for unlawful restraint of trade is GRANTED;

Defendants' counter-claims for restraint of trade are DISMISSED WITH PREJUDICE; and

Defendant Dick Clark d/b/a Dick Clark Production's motion to dismiss is DENIED.

---

6. Plaintiff suggests that Dick Clark's conduct in filing an Answer and counter-claims constitutes a waiver of jurisdiction. Plaintiff's argument is in error. The Fifth Circuit has explicitly held that "the filing of a counter-claim, cross-claim, or third-party demand does not operate as a waiver of an objection to jurisdiction." *Bayou Steel Corp. v. M/V Amstelvoorn,* 809 F.2d 1147, 1149 (5th Cir.1987).