**Dr. Vibha VIG and Dr. Vibha Vig, M.D., P.A. Plaintiffs**

v.

**INDIANAPOLIS LIFE INSURANCE COMPANY, L. Donald Guess, Individually, and as Trustee for the Xelan Welfare Benefit Trust, Steve Spencer, Both Individually and as Agent for Indianapolis Life Insurance Company, Michael E. Lloyd, Individually and in His Capacity as Agent for Williams Coulson, Williams Coulson, Attorneys at Law, and John Does 1–10 Defendants**

No. 3:04CV824LN.

United States District Court, S.D. Mississippi, Jackson Division.

July 19, 2005.

Cynthia H. Speetjens, Jackson, MS, Craig Robert Sessums, Jones Funderburg & Sessums, Jackson, MS, Jesse M. Harrington, Madison, MS, John H. Daniels, III, Dyer, Dyer, Jones & Daniels, Greenville, MS, Judson Morgan Lee, Thomas R. Frazer, II, Frazer Davidson, P.A., Jackson, MS, for Plaintiffs.

David M. Skeens,—PHV, J. Michael Vaughn—PHV, Walters, Bender, Strohbehn & Vaughn, PC, Kansas City, MO, Jimmy Fred Spencer, Jr., William R. Ray, Watkins & Eager, Jackson, MS, James W. Shelson, Damany Freeman Ransom, Phelps Dunbar, Eddie J. Abdeen, Madison, MS, Jeffrey P. Hubbard, Jeffrey M. Williams, Wells, Moore, Simmons & Hubbard, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendants Williams Coulson, Attorneys at Law, and Michael E. Lloyd, individually, to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss based on improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406, or alternatively, to transfer to the state of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Plaintiffs Dr. Vibha Vig and Dr. Vibha Vig, M.D., P.A., have responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be denied.

Plaintiffs, residents of Mississippi, filed this action alleging various breach of contract and fraud-based claims and seeking to recover damages stemming from their participation in a Xelan, Inc. Welfare Benefit Trust (WBT). Plaintiffs allege that they were contacted by Xelan, a California company, both directly and through Xelan's local agent, Steve Spencer, and were induced to invest in the Xelan WBT by false and misleading representations. More specifically, plaintiffs allege that defendants misrepresented that the Xelan WBT was a viable tax shelter investment and concealed from plaintiffs the fact that the Xelan WBT was merely an illegal tax-avoidance scheme. Plaintiffs allege that as a result of defendants' actions, they lost all of their contributions, totaling $143,500, and are subject to paying taxes, interest and penalties to the IRS.[1]

As is pertinent to the present motion, the complaint alleges that defendant Michael Lloyd, a member of the Pennsylvania law firm of Williams Coulson, participated with Xelan in marketing the Xelan WBT by generating an opinion letter which falsely represented that the Xelan WBT was a welfare benefit fund within the meaning of Code Section 419(e)(1) and entitled to tax deductions. Plaintiffs claim they relied, in part, on the Lloyd/Williams Coulson letter in deciding to participate in the Xelan WBT, and charge that "[e]ither

---

1. This case was originally filed in state court but was removed to this court on the dual bases of bankruptcy jurisdiction under 28 U.S.C. § 1334 in light of the bankruptcy of Xelan and federal question jurisdiction, 28 U.S.C. § 1331, the theory being that plaintiffs' claims are preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1000 *et seq.*

Williams Coulson is grossly negligent in determining the facts or is a co-conspirator with all other Defendants."

*Personal Jurisdiction:*

In their motion, Lloyd and Williams Coulson first seek dismissal on the basis that this court lacks personal jurisdiction over them due to the complete lack of contacts between them and the state of Mississippi. In support of their motion, they point out that Williams Coulson's only office is located in Pittsburgh, Pennsylvania; the law firm neither owns nor maintains any real or personal property in Mississippi; it has no attorneys licensed to practice in Mississippi; it does not advertise or solicit business in Mississippi; and it has no agent for service of process in Mississippi. Michael Lloyd, one of the founding members of Williams Coulson, is licensed and qualified to practice law only in Pennsylvania, and has never practiced law in Mississippi or engaged in any business whatsoever in Mississippi. These defendants further explain in the motion, and accompanying affidavit and exhibits, that Williams Coulson was hired in 1997 by Xelan, a California corporation, to review the Xelan 419 Welfare Benefit Trust and to provide a legal opinion regarding the tax consequences to employers and their employees with respect to their participation in the WBT. Williams Coulson's contacts with Xelan representatives occurred outside of Mississippi, and even the opinion letter on which plaintiffs base their claim against Lloyd and Williams Coulson was sent to Xelan in California, which in turn forwarded the letter to the respective WBT participants. Defendants insist, therefore, that they are due to be dismissed from this action.

A federal district court sitting in diversity in Mississippi has personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of jurisdiction under the long-arm statute is consistent with due process under the United States Constitution. *Bryant v. Salvi,* 2005 WL 1625319, at 2 (5th Cir.2005).

■ Under Mississippi's long-arm statute, personal jurisdiction over a defendant in a tort claim is proper "if any element of the tort, or any part of any element, takes place in Mississippi." *Id.*[2] Defendants argue in their motion that even if they committed a tort, which they deny, it certainly was not committed, even in part, in Mississippi; rather, their sole involvement in this case stems from Lloyd's having drafted the opinion letter, and that letter, they note, was drafted in Pennsylvania for their client in California. They submit that even had they been negligent in drafting that letter, only the consequences of that alleged tort, i.e., pain and suffering or economic effects, occurred in Mississippi. They thus conclude that in these circumstances, the long-arm statute will not permit an exercise of jurisdiction over them.

The distinction between "injury" and "consequences of an injury" is significant for purposes of jurisdictional analysis:

**2.** The long-arm statute, Miss.Code Ann. § 13–3–57, states,

Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

A court has jurisdiction under the long-arm statute if the "injury" took place in Mississippi, but not if only the consequences of the "injury" were felt in Mississippi. *Jobe v. ATR Mktg.*, 87 F.3d 751, 753 n. 2 (5th Cir.1996). The injury is the "actual invasion of a legally protected interest." *See Allred*, 117 F.3d at 282; *Jobe*, 87 F.3d at 753 n. 2. The collateral consequences of that invasion can reach well beyond the actual injury. *See Allred*, 117 F.3d at 282; *Jobe*, 87 F.3d at 753 (distinguishing actual injury from collateral consequences such as pain and suffering and economic effects). *Bryant*, 2005 WL 1625319, at 2. Defendants reason that if they were negligent in drafting the opinion letter, then they were negligent in Pennsylvania, not in Mississippi, and thus, the actual injury, if any, resulting from the opinion letter, occurred in Pennsylvania, and only the consequences of such injury were felt in Mississippi.

■ The court would tend to agree that had defendants merely been negligent in providing a legal opinion to Xelan regarding the nature and propriety of the Xelan WBT, and had Xelan in turn provided that opinion to its prospective customers in marketing the WBT, it would follow that only the consequences of an injury that occurred elsewhere were felt in Mississippi. *Cf. Bryant*, 2005 WL 1625319, at 2 (in suit by Mississippi beneficiaries of estate claiming that the defendant, an Illinois attorney, failed to execute their decedent's

wishes with regard to moving to Mississippi and with regard to a codicil to her will, court concluded that the actual injury occurred in Illinois and only the consequences thereof reached Mississippi); *First Trust Nat. Assoc. v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre*, 996 F.Supp. 585, 588 (S.D.Miss.1998) (finding no injury in Mississippi, but at best consequences of injury, where Minnesota financial institution sued Louisiana law firm for a legal opinion it provided at the request of a New York investment bank to the bank's Texas office regarding the validity and priority of a lien on collateral located in Mississippi).

Here, however, plaintiffs allege the actual invasion of their legal right occurred in Mississippi when they were induced to invest in the trust in reliance on the opinion letter directed by Williams Coulson/Lloyd to them in Mississippi. Jurisdiction may therefore properly be asserted under the long-arm statute.[3]

The question thus becomes whether the exercise of jurisdiction comports with due process. "Under the Due Process clause, a court can constitutionally exercise personal jurisdiction over a defendant if the defendant has 'minimum contacts' with the forum state, and the exercise of jurisdiction does not 'offend traditional notions of fair play and substantial justice.'" *Bryant*, 2005 WL 1625319, at 2 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

---

**3.** In their rebuttal brief, defendants argue that there is no personal jurisdiction because "Defendants have not committed a tort." They go on to argue that a threshold consideration in the jurisdictional analysis is whether defendants committed a tort against plaintiff, and with respect to that issue, assert that that the opinion letter on which plaintiffs' claims against them is based is not actionable in terms of negligence or gross negligence since plaintiffs could not reasonably have relied on

anything contained therein so that consequently, no tort was committed and jurisdiction is therefore lacking. Defendants' arguments addressed to the question whether a tort was committed *at all* not only are not jurisdictional arguments, but also are first specifically advanced in their rebuttal brief and therefore will not be considered herein. They are free to present that issue in a separate motion.

"Under the 'minimum contacts' analysis, personal jurisdiction can be either general or specific." *Id.* Where a nonresident defendant has engaged in "substantial, continuous and systematic" activities within the forum state, general jurisdiction exists, and permits the courts of the forum state to exercise jurisdiction over any cause of action, even if unrelated to the defendants' activities in Mississippi. *Id.* In contrast, specific personal jurisdiction over a defendant, which is what is at issue here, "exists where the defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Id.* It is jurisdiction "for a particular cause of action." *Id.* Thus, specific personal jurisdiction requires a showing that the out-of-state defendant purposely availed itself of the privilege of conducting activities within the forum state, invoking the benefits and protections of local law, that the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts, and that (3) the court's exercise of personal jurisdiction is consistent with "fair play and substantial justice." *Id.*

■ Defendants take the position that they did nothing that could arguably be construed as purposeful availment of the privilege of conducting activities within Mississippi, for they did nothing more than generate form letters in Pennsylvania which were sent to their client, Xelan, in California, which in turn forwarded the letters to the respective WBT participants. In making this argument, however, defendants gloss over the fact that they actually addressed the subject letters to Xelan's clients, including Dr. Vig in Mississippi, and that they thus clearly knew and intended that the letter would be sent to Dr. Vig in Mississippi.

■ It is well established that "[e]ven a single purposeful contact is sufficient to satisfy the due process requirement of minimum contacts when the cause of action arises from the contact." *Gardner v. Clark,* 101 F.Supp.2d 468, 476 (N.D.Miss. 2000) (citing *Brown v. Flowers Indus., Inc.,* 688 F.2d 328, 333–34 (5th Cir.1982)). It is undisputed that plaintiffs' claims against Lloyd/Williams Coulson are based entirely on the opinion letter; and although these defendants did not directly mail the subject letter to Mississippi, they nevertheless did direct the letter to Mississippi by having addressed it to a Mississippi recipient with the expectation that it would be sent to Xelan's prospective client in Mississippi. By so doing, defendants did purposefully avail themselves of Mississippi laws. *Cf. Streber v. Hunter,* 221 F.3d 701, 718 (5th Cir.2000) (concluding that Louisiana attorney " 'purposefully availed' himself of Texas laws when he gave tax advice that he knew would be received by a Texas client, . . . and thus had 'minimum contacts' " with Texas); *Busch v. Buchman, Buchman & O'Brien,* 11 F.3d 1255, 1257 (5th Cir.1994) (allowing Texas personal jurisdiction over New York attorney who only performed work in New York because he knew his tax opinion would be included in materials shipped to Texas).

■ "If it is established that a defendant has the requisite minimum contacts within the forum state, the exercise of personal jurisdiction is deemed fair unless the defendant presents a compelling case that the court's exercise of jurisdiction is unreasonable." *Gardner v. Clark,* 101 F.Supp.2d 468, 476–477 (N.D.Miss.2000); *see also Gundle Lining Constr. Co. v. Adams County Asphalt, Inc.,* 85 F.3d 201, 207 (5th Cir.1996) ("Once there has been a determination that the defendant purposefully directed its activities at the forum state, the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.' "). "Moreover, if a de-

fendant purposefully avails himself to the benefits and protection of the forum state's laws by engaging in activity outside the state that bears reasonably foreseeable consequences in the state, maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice." *Gardner*, 101 F.Supp.2d at 477 (citing *Mississippi Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1007 (5th Cir. 1982)). The court here is not persuaded that it would be unfair or unreasonable to subject Lloyd and Williams Coulson to jurisdiction in this forum based on the allegations of plaintiffs' complaint.

*Improper Venue/Forum Non Conveniens*

■ Defendants' alternative arguments that venue is improper in Mississippi[4] and that the case should in any event be transferred to Pennsylvania based on forum non conveniens[5] are not well taken. In accordance with 28 U.S.C. § 1391(a)(2) and/or (b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Defendants argue that the "substantial part of the events or omissions giving rise" to plaintiffs' claims occurred in Pennsylvania and California, and that little of any substance occurred in Mississippi; yet that plainly is not the case. Accordingly, venue is proper here.[6]

■ As for defendants' request that the court transfer the case to the Western District of Pennsylvania, they have offered insufficient reasons for upsetting plaintiffs' choice of forum. These defendants have argued that because they reside in Pennsylvania, access to their files is in Pennsylvania, and the majority of witnesses concerning their actions are in Pittsburgh, the case should be transferred there, particularly in light of their lack of direct contact with Mississippi. However, a transfer would hardly be more convenient for the plaintiffs, and on balance, would tend only to shift the burden of inconvenience from one party to another. The request for transfer will therefore be denied. *See Van Dusen v. Barrack*, 376 U.S. 612, 646, 84 S.Ct. 805, 824, 11 L.Ed.2d 945 (1964) ("Section 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient."); *Syndicate 420 at Lloyd's London v. Early American Ins. Co.*, 796 F.2d 821, 830 (5th Cir.1986) ("The plaintiff's choice of forum is entitled to great weight in the balancing of factors, and unless the balance strongly favors the defendants, the plaintiff's choice of forum should not be overturned.").

*Conclusion*

Based on the foregoing, it is ordered that the motion of defendants Williams

---

4. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

5. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

6. Defendants also argue that this action is subject to federal jurisdiction by virtue of

ERISA and that this action is subject to ERISA's venue provision, 29 U.S.C. § 1132(e)(2), which provides for venue "where the plan is administered, where the breach took place, or where a defendant resides or may be found...." They acknowledge that Spencer resides or may be found in Mississippi but submit that since the ERISA claims do not pertain to him, the "where a defendant" resides provision of this section does not give rise to venue in Mississippi. It is hardly apparent that jurisdiction is proper based on ERISA, and in any event, venue is clearly proper in Mississippi under 28 U.S.C. § 1391.

Coulson Law, and Michael E. Lloyd to dismiss for lack of personal jurisdiction and improper venue or to transfer is denied.