GRIFFIS, P.J.,
 

 for the Court:
 

 ¶ 1. This appeal by The Cirlot Agency, Inc. (“Cirlot”) arises from the Rankin County Circuit Court’s grant of Sunny Delight Beverage Company’s (“Sunny Delight”) motion to dismiss for lack of personal jurisdiction. On appeal, Cirlot argues: (1) under the Mississippi long-arm statute, the circuit court had personal jurisdiction over Sunny Delight because Cir-lot entered into a contract with Sunny Delight to be performed in whole or in part in Mississippi; and (2) the exercise of personal jurisdiction over Sunny Delight does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. We reverse the circuit court’s dismissal of Sunny Delight for lack of personal jurisdiction, and remand for a trial on the merits.
 

 FACTS
 

 ¶2. Sunny Delight is an Ohio corporation with its principal place of business in Cincinnati. Cirlot is a Mississippi corporation with its principal place of business in Flowood. In February 2007, David Silver,
 
 *331
 
 the Brand Manager for Sunny Delight’s soon-to-be launched Elations product line, contacted Cirlot in Mississippi about submitting a marketing campaign for Ela-tions.
 

 ¶ 3. On February 5, 2007, Silver emailed an executed “Mutual Non-Disclosure Agreement” (“Agreement”) to Lisa Comer at Cirlot. Richard Looser, President and Chief Operating Officer for Cirlot, executed the Agreement on behalf of Cirlot on February 6, 2007, and sent the executed Agreement back to Silver on the same day.
 

 ¶ 4. On February 6, 2007, Silver sent an email to Comer directing her to Sunny Delight’s Elations website. On February 9, 2007, Silver sent another email to Comer, which advised Cirlot about the timing of the Elations marketing campaign. On February 13, 2007, Silver sent Comer an email discussing Elations’ “brand personality.” Again on September 14, 2007, Silver sent an email to Comer discussing demographics and the timing of shipment of the Elations product. On February 15, 2007, Silver sent Comer an email requesting dates for Cirlot to make a proposal to Sunny Delight. Subsequent emails between Silver and Comer confirmed that Cirlot would make its proposal to Sunny Delight on February 28, 2007.
 

 ¶ 5. On the same day, Silver sent an email to Comer to congratulate Cirlot on the proposal and advised that Sunny Delight would be in touch in a few weeks. Silver subsequently advised Cirlot that Sunny Delight had chosen another public-relations firm.
 

 ¶ 6. On April 22, 2008, Cirlot filed a complaint in the Circuit Court of Rankin County, Mississippi. Cirlot alleged that, despite Sunny Delight’s selection of another marketing firm, Sunny Delight had implemented major components of the marketing strategy that Cirlot had presented to it.
 

 ¶ 7. On October 4, 2010, the circuit judge, after a hearing, granted Sunny Delight’s motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Mississippi Rules of Civil Procedure. On October 18, 2010, Cirlot timely filed its notice of appeal to this Court.
 

 STANDARD OF REVIEW
 

 ¶ 8. This Court employs a de novo standard of review for analyzing a trial court’s grant or denial of a motion to dismiss.
 
 Smith v. City of Saltillo,
 
 44 So.3d 438, 440 (¶ 5) (Miss.Ct.App.2010).
 

 ANALYSIS
 

 ¶ 9. In approaching the question of whether a non-resident defendant is amenable to personal jurisdiction in this state, the Mississippi Supreme Court has stated:
 

 Whether a Mississippi court may exercise personal jurisdiction over a nonresident defendant is determined through the application of a two-tiered analytical framework. Two distinct questions must be addressed. The first question is whether the defendant is amenable to suit here by virtue of the Mississippi long-arm statute, Miss.Code Ann. § 13-3-57 (Rev. 2002) (citation omitted). This inquiry is governed by Mississippi law. Assuming an affirmative answer, the second question is whether the defendant is amenable to suit in Mississippi consistent with the due process clauses of the federal constitution, and, as well, this state’s constitution. (Citation omitted). This inquiry is controlled by federal law.
 

 Horne v. Mobile Area Water & Sewer Sys.,
 
 897 So.2d 972, 976 (¶ 12) (Miss.2004).
 

 1. Whether the circuit court had personal jurisdiction over Sunny Delight under the contract prong of the Mississippi long-arm statute.
 

 ¶ 10. Under Mississippi’s long-arm statute, a non-resident defendant can be
 
 *332
 
 subject to personal jurisdiction under the contract prong of the statute, which states:
 

 Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state ... shall thereby be subjected to the jurisdiction of the courts of this state.
 

 Miss.Code. Ann. § 13-3-57.
 

 ¶ 11. Cirlot contends that its Agreement with Sunny Delight required contractual performance by Cirlot, in whole or in part, in Mississippi and that Sunny Delight breached the Agreement. The Agreement reads in part:
 

 1.
 
 Purpose,
 
 the parties are interested in holding discussions regarding the development of new product(s) (the “Projects”). In connection with the Projects each party may disclose or has disclosed to the other party certain confidential technology and business information that the disclosing party desires the receiving party to treat as confidential.
 

 2.
 
 “Confidential Information”
 
 means any information disclosed by either party to the other party, either directly or indirectly, in writing, orally or by inspection of tangible objects including, without limitation, documents, operating plans, financial data, business plans, forecasts, designs, prototypes, concepts, technology, trade secrets, software, know-how, business information, product specifications, and formulae, as well as all data compilations, analyses, conversations, discussions, expressions of opinions, and descriptions of events that are relevant to the Projects.
 

 3.Non-use and Non-disclosure.
 
 Each party agrees not to use any Confidential Information of the other party for any purpose except to evaluate and engage in discussions concerning the Projects. Each party agrees not to disclose any Confidential Information of the other party to third parties or to the receiving party’s employees, except to those employees who are required to have the information in order to evaluate and engage in discussions concerning the Projects.
 

 [[Image here]]
 

 11.
 
 Miscellaneous. ...
 
 This agreement shall be interpreted and enforced in accordance with the law of the State of Ohio (regardless of the choice of law principles of Ohio or any other jurisdiction).
 

 ¶ 12. Sunny Delight argues that it is not subject to personal jurisdiction in Mississippi because the Agreement “was not a contract for services ... and did not require or demand that Cirlot prepare a marketing campaign.” Sunny Delight contends that the Agreement merely allowed the parties to engage in discussions and required the parties to “take reasonable measures to protect the secrecy of and avoid disclosure and unauthorized use of the Confidential Information of the other party.”
 

 ¶ 13. However, Sunny Delight’s contention fails to recognize the nature of Cirlot’s business — intellectual property. Thus, where a non-resident defendant, such as Sunny Delight, reaches out to Cirlot, whose stock and trade is the creation of intellectual property, and further requires Cirlot to sign a mutual non-disclosure agreement so that Cirlot can generate concepts and ideas for Sunny Delight, it cannot be said with any reason that the
 
 *333
 
 Agreement did not require performance by Cirlot in whole or in part in Mississippi.
 

 ¶ 14. We have held that:
 

 Mississippi’s long-arm statute allows exercise of personal jurisdiction over a nonresident corporation if, among other situations, the nonresident made a contract with a Mississippi resident to be performed in whole or in part in this state. If such a contract was entered, then the non-resident will be subject to jurisdiction of Mississippi courts, provided that the exercise of jurisdiction is consistent with due process.
 

 Am. Cable Corp. v. Trilogy Commc’ns, Inc.,
 
 754 So.2d 545, 549 (¶ 8) (Miss.Ct.App.2000) (internal citations omitted).
 

 ¶ 15. Sunny Delight argues that the Agreement was not a “contract for services” but merely an invitation to Cirlot to bid for Sunny Delight’s business. Thus, according to Sunny Delight, personal jurisdiction did not attach to it in Mississippi.
 

 ¶ 16. The label the parties choose to place upon an agreement is not dispositive in resolving its substantive meaning. Furthermore, Sunny Delight’s assertion that the Agreement was not a “contract for services” fails to take into consideration the realty of intellectual property in today’s marketplace. Sunny Delight obviously had an interest in protecting what it deemed confidential information that would be shared with Cirlot. If, in fact, Sunny Delight did not have such an interest, there would have been no need for the Agreement.
 

 ¶ 17. By entering into the Agreement, Cirlot was contractually obligated to protect Sunny Delight’s confidential information, and Sunny Delight was likewise contractually bound to protect Cirlot’s confidential information. As Cirlot and its employees are located in Mississippi, Cirlot’s performance under this Agreement occurred, at least in part, in Mississippi.
 

 ¶ 18. Furthermore, while the Agreement does require that it be interpreted under Ohio law, the Agreement does not contain a forum-selection clause. Should Sunny Delight have desired further protection with respect to the forum in which it was potentially subject to litigation, it could have dealt with this issue contractually. It did not.
 

 ¶ 19. Accordingly, we find that Sunny Delight is subject to personal jurisdiction under Mississippi’s long-arm statute.
 

 2. Whether personal jurisdiction under the long-arm statute violates the Constitution.
 

 ¶ 20. The next inquiry requires this Court to determine whether Sunny Delight had sufficient minimum contacts with Mississippi for personal jurisdiction to be permissible under the Due Process Clause of the United States Constitution. A defendant must “have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.”
 
 Cappaert v. Walker, Bordelon, Hamlin, Theriot, and Hardy,
 
 680 So.2d 881, 834 (Miss.1996) (citing
 
 Int'l Shoe Co. v. Washington,
 
 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).
 

 ¶21. Sunny Delight made the initial contact with Cirlot in Mississippi. In
 
 Aultman, Tyner & Ruffin, Ltd. v. Capital Rubber & Specialty Co.,
 
 No. 2:10cv223KS-MTP, 2011 WL 213471, at *8 (S.D.Miss. Jan.21, 2011), the court stated:
 

 When a nonresident defendant takes purposeful and affirmative action, the effect of which is to cause business activity, foreseeable by the defendant in the forum state, such action by the defendant is considered a minimum contact
 
 *334
 
 for jurisdictional purposes. Courts have continued to find that the initiation of contact by the defendant to be of considerable importance.
 

 Id.
 
 (internal citation omitted).
 

 ¶ 22. “It is the purposefulness of the decision that is important and not the physical presence of the defendant in the state.”
 
 Am. Cable,
 
 754 So.2d at 550-551 (¶ 19). Here, Sunny Delight reached out to Cirlot for the purpose of initiating business activity on the part of Cirlot. Sunny Delight seeks to downplay its contact in Mississippi by arguing that Cirlot was under no obligation to take any action with respect to the Elations advertising campaign. Sunny Delight cannot have it both ways. On the one hand, it cannot reach out to Cirlot to solicit a business opportunity, and then on the other, for purposes of escaping personal jurisdiction in Mississippi, maintain that it never required anything from Cirlot.
 

 ¶ 28. Once Sunny Delight formalized its relationship with Cirlot through the Agreement and began exchanging confidential information with Cirlot for the express purpose of enabling Cirlot to prepare a public-relations proposal, Sunny Delight’s activities were such that it could reasonably anticipate being haled into court in Mississippi.
 

 ¶ 24. In
 
 Ruston Gas Turbines, Inc. v. Donaldson Co.,
 
 9 F.3d 415, 419 (5th Cir.1993), the court stated minimum contacts are satisfied “by actions, or even just a single act, by which the nonresident defendant ‘purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its benefits and protections of its laws.’ ”
 

 ¶ 25. In
 
 Vig v. Indianapolis Life Insurance Company,
 
 384 F.Supp.2d 975, 980 (S.D.Miss.2005), the court held: “It is well-established that ‘even a single purposeful contact is sufficient to satisfy the due process requirement of minimum contacts when the cause of action arises from that contact.’ ”
 

 ¶ 26. In
 
 Medical Assurance Company of Mississippi v. Jackson,
 
 864 F.Supp. 576, 577 (S.D.Miss.1994), a Mississippi insurance company sued an Alabama attorney and client alleging a breach of a settlement agreement.
 
 Id.
 
 During settlement negotiations, the attorney, on behalf of his client, made two telephone calls and wrote two letters to the Mississippi insurance company.
 
 Id.
 
 In denying the defendants’ motion to dismiss for lack of personal jurisdiction, the court stated that: “A single act by the defendant directed at the forum state ... can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted.”
 
 Id.
 
 at 579.
 

 ¶ 27. Sunny Delight’s activities in Mississippi were far more extensive than those supporting personal jurisdiction in
 
 Jackson.
 
 Sunny Delight initiated contact with Cirlot in Mississippi, entered into an Agreement with Cirlot to be performed, in whole or in part, in Mississippi and followed that with multiple written and telephone communications with respect to the proposed advertising campaign.
 

 ¶ 28. On this record, we find that Cir-lot’s cause of action arose from Sunny Delight’s contacts with Mississippi, which we find were sufficient to satisfy the due-process requirement of minimum contacts.
 

 ¶ 29. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
 

 
 *335
 
 LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.